### W. D. RICHARDSON ET AL. V. GRAHAM KENNEDY.

#### No. 7022.

1. **Administration—Claims Against an Estate.**—Article 2031, Revised Statutes, which confers the right of appeal from a final judgment of a County Court approving or disapproving a claim against an estate, has reference to such claims as originated before the commencement of administration, and does not apply to claims which grow out of the administration. The latter class of cases are provided for in articles 2192, 2193.

2. **Same.**—Claims for expenses of administration, while they are required to be acted upon as other claims against the estate, yet the action of the court in approving or rejecting them is not given the conclusive force of a final judgment, and this chiefly because the proceeding is ex parte and without notice to those adversely interested.

3. **Probate Matters—Judgment.**—When the expense account of an administrator is presented with and made a part of his final exhibit, and is docketed and acted on by the court on the same day, the action of the court in docketing and approving the account, in overruling the exceptions to it, and in approving the final exhibit including the claim of the administrator, must be considered as substantially one judgment. An appeal from such judgment by creditors of the estate carries with it to the District Court the entire case.

4. **Allowance of Expense Account to Executor.**—The expenses of administion for which an executor or administrator may be reimbursed by order of the court must be specifically stated in writing, setting forth each item and the date thereof. See opinion for facts showing charges too general for proper allowance.

5. **Payment of Debts—Discharge of Lien.**—The executor or administrator of an insolvent estate can not discharge a lien on the personal property of the estate, unless the value and use of the property when released from the lien will be more valuable to the estate than the amount required to discharge the lien.

APPEAL from Mitchell. Tried below before Hon. Wm. Kennedy.
The opinion states the case.

*Smith & Smith,* for appellants.—The action of the County Court in approving the claim of the executors for expenses necessarily incurred by them in the preservation, safe keeping, and management of the estate had the force and effect of a final judgment, and the claimants not appealing from it, it became conclusive and put an end to all controversy between the executors and all parties interested in said estate. Rev. Stats., art. 2031; Cannon v. Bonner, 38 Texas, 487; Swan v. House, 50 Texas, 651; Eccles v. Daniels' Admr., 16 Texas, 137; Neill v. Hodge, 5 Texas, 487; Jones v. Underwood, 11 Texas, 116; Moore v. Hillebrant,

14 Texas, 315; Hillebrant v. Burton's Heirs, 17 Texas, 138; Lott v. Cloud, 23 Texas, 255; Giddings v. Steel, 28 Texas, 733.

*R. H. Looney*, for appellee. — 1. Appellee having filed his exceptions to the exhibit attached to appellants' final report, and pointing out the items of charges excepted to with such particularity that there could be no mistaking to what items the exceptions related, it was the duty of the County Court to have heard the exceptions and rendered thereon such judgment as the facts warranted. Rev. Stats., art. 2027.

2. The overruling of appellee's exceptions was such a decision as could be appealed from. Rev. Stats., art. 2200.

3. There being a trial *de novo* in the District Court, it was the duty of said court to hear evidence on the exceptions and render such judgment as should have been rendered in the County Court. Rev. Stats., arts. 2027, 2207.

4. As to the items charged by the executors as expenses necessarily incurred by them in the care and management of the estate, and having been allowed by the County Court without having been sworn to, their allowance in that condition is prohibited by law and was absolutely void; and said items being at the time of the trial still unsworn to by the executors, the court was bound to disallow them. Rev. Stats., arts. 2021, 2193; Davenport v. Lawrence, 19 Texas, 318.

HENRY, ASSOCIATE JUSTICE.—Appellants, as executors of the last will of William W. Emerson, deceased, on the 20th day of September, 1888, filed in the County Court their final account of their administration of the estate of said Emerson.

An itemized statement of the expenses of administration incurred by the executors was attached to and made a part of said final exhibit.

Appellee, who was a third class creditor of the estate, on the 13th day of October, 1888, filed exceptions to a number of items contained in the expense account.

On the 27th day of October, 1888, the statement was duly entered upon the claim docket of the County Court and the county judge endorsed upon it his approval. On the same date the County Court acted upon the final exhibit, overruling the exceptions and approving it. The creditor appealed to the District Court from the order approving the exhibit. In the District Court the executors pleaded in bar the entry of their claim upon the claim docket of the County Court and its approval by the county judge, insisting that no appeal had been prosecuted from that proceeding and that it conclusively established the whole of their demand. The District Court overruled this defense and sustained exceptions to four items of the account, from which judgment the executors prosecute this appeal.

Article 2031 of the Revised Statutes provides that "the action of the court in approving or disapproving a claim shall have the force and effect of a final judgment, and when the claimant or any person interested in the estate shall be dissatisfied with such action he may appeal therefrom to the District Court as from other judgments of the County Court rendered in probate matters."

The claims embraced by this article are such as originate before the commencement of administration and do not include such as grow out of the administration of the estate.

The last named class are provided for in articles 2192 and 2193 of the Revised Statutes as follows:

"Article 2192. Executors and administrators shall be allowed all reasonable expenses necessarily incurred by them in the preservation, safe keeping, and management of the estate, and all reasonable attorney fees that may be necessarily incurred by them in the course of the administration."

"Article 2193. All such charges as are provided for in the preceding article shall be made in writing, showing specifically each item of expense and the date thereof, and shall be verified by the affidavit of the executor or administrator and filed with the clerk and entered on the claim docket, and shall be acted upon by the court in like manner as other claims against the estate."

With regard to the action to be taken by the court upon the final account of an executor or administrator the Revised Statutes make the following directions:

"Article 2142. It shall be the duty of the court to examine such account and vouchers accompanying the same, and after hearing all exceptions and objections thereto, and the evidence that may be offered in support of or against such account, to restate said account if necessary, and audit and settle the same."

The contention of appellants is that these provisions of the law put the expenses of administration, as to the manner of their establishment, upon the same footing in all respects as they do debts that precede the administration, and that when thus established the one no more than the other can be revised on final settlement of the account of the executors.

The law plainly requires that claims for expenses of administration shall be docketed and acted upon by the court in like manner as other claims against the estate; but while the provisions with regard to the action of the court upon the claims of other parties expressly declare such action "shall have the force and effect of a final judgment," no such effect is declared in favor of claims for expenses of administration in favor of an executor or administrator. It seems to us that there are substantial reasons for a difference in this respect.

When claims of third parties are being established it must be done

through the executor or administrator who represents the estate, and whose duty and interest it is to protect the estate.

On the other hand the establishment of claims belonging to the administrator or executor is an ex parte proceeding, had without notice to any person interested in the estate, and with regard to expenses of administration unlimited as to time, except we think that the claims should be presented and acted upon before the final account is filed.

We do not think it was the intention of the Legislature that the representatives of an estate should have the exceptional and unusual privilege of establishing final judgments in their own favor upon ex parte proceedings and without notice. If such had been the intention of the Legislature we think it would have been expressed as it was in the case of other creditors where the same objections do not exist.

The requirements that the claims of the legal representatives shall be itemized, sworn to, filed, docketed, and acted upon as other claims against the estate, were no doubt intended as an additional safeguard for persons interested in the estate, without depriving them of the right to contest the account on final hearing, and without depriving the court at that time of the power to hear "all exceptions and objections thereto, and the evidence that may be offered in support of or against such account, and to restate it if necessary."

We have deemed it proper to express our views of the proper construction of the above statutes without believing it necessary to do so to dispose of this appeal.

As the expense account of the executors was presented with and as part of their final exhibit, and was acted upon in the County Court upon the same day that the final exhibit was, we think the action of the court in docketing and approving the account and in overruling the exceptions to it and in approving the final exhibit, including the claim of the executors, was substantially one and the same judgment, and that the creditors' appeal carried into the District Court the whole case, and that there was no error in overruling the executors' plea of former recovery.

The District Court sustained exceptions to four items in the account. Two of the exceptions were sustained on the ground that the items charged for were not shown by the evidence to have been for any service rendered the estate.

The only evidence to sustain these items was given by one of the executors, who testified that one of them "was for board and meals furnished myself and hands while attending to business for the estate," and that the other "was for board and feed for horses while working after stock belonging to the estate, and also for feed for stock while attending to business of the estate."

These items are charged in the account as follows: "December 16— Jake Mourer, $48.35; August 12—Malin & Colvin, $43.90."

We do not think that either the account or the evidence contains the specific statement of expense required by the statute quoted above.

Another item to which exception was sustained reads: "June 25—To O. J. Wiren, stable bill, $188.84."

The evidence with regard to this item shows that it was for keeping two horses belonging to the estate, and that it accrued partly before and partly after the death of the testator, and was a lien on the animals; that there was a necessity for the immediate use of the horses "for the purpose of taking care of and preserving the stock belonging to the estate," and as the party in possession refused to release the horses the debt was paid to get possession of them.

The estate was insolvent. The evidence does not show the value of the horses. Under the law the debt for which they were held was a claim of the third class, so far as it could be paid out of the two horses, and of the fourth class for any amount in excess of the proceeds of the property. There may arise cases where it will be so much for the interest of the estate for property subject to a lien to be released for the benefit of the estate as to make it proper and even the duty of the executor or administrator to redeem it by discharging the debt, when he would be entitled to have it allowed him as a claim of the second class.

The facts of this case, as found by the court or developed by the evidence, do not show that state of case. There is nothing to show that the value of the horses, or that their value and use combined, amounted to as much as was paid to release them from the lien.

The remaining items to which exceptions were sustained are stated as follows: "September, 1887—W. D. Richardson, expense time, $32; two trips to Dallas, $74.80; expenses to Dallas to negotiate the sale of horses, $10."

The evidence we think sustains the finding of the court that this indebtedness accrued before the death of the testator and ought to have been proceeded with as a claim of the fourth class.

The judgment is affirmed.

*Affirmed.*

Delivered October 15, 1889.