## Malvina McShan v. Henry Lewis, Administrator.

Decided October 15, 1903.

**Administration—Claims Against Estate—Approval—Finality.**
The approval by the probate judge of the annual account and exhibits made by an administrator does not prevent a re-examination, on appeal, of the administrator's account as to items of expenses of administration; and items of this character not supported by proper vouchers or not so itemized as to show that they are proper charges against the estate are here stricken out by the appellate court.

Error from the District Court of San Augustine. Tried below before Hon. T. C. Davis.

*J. D. Williamson*, for plaintiff in error.

GARRETT, CHIEF JUSTICE.—Henry Lewis, as the administrator of the estate of A. Huston, deceased, filed his final account in said estate in the County Court of San Augustine County, September 28, 1901. On February 25, 1902, the plaintiffs in error, as heirs of the deceased, filed amended exceptions to said account including the prior annual accounts. The account filed showed a balance in favor of the administrator of $96.85. The exceptions were overruled by the county judge, and from an order of the county court approving the account, the said McShan and others appealed to the District Court of San Augustine County. On trial in the district court certain of the objections to the account were sustained and judgment was rendered against the administrator for $303.88. The contestants of the account have brought the judgment of the district court before this court for revision by writ of error.

The property belonging to the estate of A. Huston consisted of lands, much of which was located after the defendant in error had taken charge of the estate. There is no contest about the facts. The objections made to the account, which were overruled by the court below, are presented by nineteen assignments of error, every one of which must be sustained.

All of the items objected to are for charges that accrued subsequent to the death of the deceased and are for expenses of administration, and come under articles 2247 and 2248 of the Revised Statutes. They are included in exhibits filed by the administrator which were passed on and approved by the court, but the items were not supported by accounts of claims verified by the administrator and filed with the clerk and entered upon the claim docket. The defendant in error was duly appointed administrator de bonis non of the estate in connection with H. H. Huston, who afterwards retired from the administration in some way not shown by the record. The first report made by the defendant in error was made in connection with his coadministrator, and was

filed February 1, 1878.  They filed another report November 24, 1879.
Subsequent reports were filed by the defendant in error alone January
28, 1882; September 17, 1884; September 25, 1885; November 15,
1886; August 6, 1887, and January 15, 1893.  It appears from the
record that the exhibit filed November 24, 1879, was examined by the
court, and by an order entered November 24, 1879, was approved in
each particular except the item in favor of C. I. Polk and the claim of
Henry Huston for extra services as administrator, the latter being
allowed at $100 instead of the larger amount $300 charged.  This
item appeared in the account as follows:  "Amount claimed by Henry
Huston for extra services rendered in admn., $300."  It is not sup-
ported by any voucher itemizing it, but in swearing to the exhibit Hus-
ton states "that the claim put in by him for services rendered the es-
tate he believes to be reasonable and correct."  The item in favor of
$250 in favor of Polk was afterwards approved for full amount.  An
order was made November 23, 1885, "account current filed September
15, 1885, by Henry Lewis, one of the administrators of said estate, is
duly examined in open court and is hereby fully approved and ordered
to be recorded according to law," then followed the account which
showed debits against the estate in favor of the administrator aggre-
gating $2276.36 and a credit in favor of the estate of $1280, the pro-
ceeds of the sale of the land.  An order was made by the district court
sitting as a probate court at September term, 1884, approving the ex-
hibit to that term as "appearing to the court to be correct and proper
vouchers therewith and showing a balance due administrator of seven-
teen hundred and fifty-six 59-100 dollars."  Exhibits filed November
15, 1886, and August 6, 1887, were shown to have been recorded.  Ob-
jections were made to the following items as not having been properly
itemized and probated as required by law and not proper charges against
the estate:

In Report Filed February 7, 1878.

| | | |
|---|---|---:|
| 1. | Assignment.  August 25, 1877.—Trip to Austin and obtaining patents to various tracts of land ............ | $100.00 |
| 2. | March 25, 1877.— Cash to Price & Perkins ............ | 30.00 |
| 3. | May.— Expenses to Palestine, Tyler and Upshur examining records | 20.00 |
| 4. | Recording deed and land patents....... | 20.00 |
| 5. | Making twelve trips by H. H. Huston from Cherokee to S. A. County........ | 100.00 |

In Report Filed November 14, 1879.

6.   1879.                        Paid taxes for 1879 and 1878......... 97.00

7.   January 20.—Amount claimed by Henry Huston for extra services rendered in administration, $300.00—reduced by court to.......... 100.00

9.   To amount paid clerk of New Braunfels for transcript of record............. 36.06

10.   L. M. Kingsley receipt................ 100.00

11.   Account of 1884—Paid George E. Gatling for traveling expenses in the interest and looking after interest of the estate in Upshur, Gregg, Limestone and Robertson counties, 1883............ 53.00

12.   Amount due me for extra personal services in attending to and looking after the interest of the estate for the past 12 years reasonably worth............ 400.00

13.   To interest on money advanced by me in paying expenses of administration, etc., at 8 per cent per year over and above the money received by me........... 400.00

14.   Amount of fees due S. W. Blount, Jr. and Rufus Price for legal services rendered the estate (still due).............. 100.00

15.   Account September 15, 1885—To amount paid admr. Henry Lewis looking after lands of the estate................. 43.00

16.   To amount paid by admr. Henry Lewis in June, 1885, looking after the interest of said estate as expenses for himself and Geo. Gatling................... 81.45

17.   To amount paid out by Henry Lewis in August, 1885, looking after interest of estate ............................ 25.05

18.   To amount of taxes paid for 1884...... 45.87

19.   To fee of Geo. Gatling as attorney for the estate ........................... 50.00

20.   To fee of Geo. Gatling for 15 days in Western Texas examining records in the interest of the estate at $5 per day 75.00

There is not one of the items objected to that is supported by a proper voucher such as is required by the statute. The approval of the annual exhibits by the probate judge does not prevent a re-examination of the administrator's account as to items of expenses of administration. The order of approval was an ex parte order. The reasons why such an order should not be conclusive upon parties interested in the estate are well

stated by Judge Henry in Richardson v. Kennedy, 74 Texas, 510.   See also Houston v. Mayes, 77 Texas, 265.   Even if some of the items should be held to have been sufficiently proved by the administrator as held in Stonebraker v. Friar, 70 Texas, 204, the most of them are subject to the objection that they are not sufficiently itemized and do not appear to be proper charges against the estate.   The most of the account in amount is composed of two items that appear to be clearly indefensible, those for extra services and interest.   There is no pretense of any itemization of either of them.   We follow the statute as construed by the case of Richardson v. Kennedy in sustaining all of the objections to the account as presented by the several assignments of error and striking the items from the account. With these items stricken out and the account restated it appears that on final account the administrator should be charged:

To balance due estate from former exhibits................$1085.75
To sale 640 acres San Saba County......................  330.00
To rents Renfro place..................................   12.64
To sale 587 acres Smith County.........................  600.00
To lot 130 San Augustine...............................   18.00
To lot 131 San Augustine...............................   23.50
To rents Renfro place..................................   38.39
To sale A. Huston labor................................  177.00
To sale Nancy Davis survey.............................  360.00
Sum of items stricken out in court below less $53.88 disallowed
    for interest ......................................  250.00
                                                        _____
                                                        $2895.75

Credit.

By  disbursements......................................  $239.54
By commissions on disbursements........................   11.97
By commissions on sale and rents.......................   78.00
By costs account 1893..................................    4.90
                                                        _____
                                                        $334.41
Balance due estate..................................... 2561.34
                                                        _____
                                                        $2895.75

    The judgment of the court below will be reversed and judgment will be here rendered in favor of the plaintiffs in error adjudging that said account be restated in accordance with the foregoing conclusions, and that the judgment be certified to the county court for observance.

                                                *Reversed and rendered.*