ESTATE OF P. F. HARDCASTLE ET AL. v. T. W. ARCHER ET AL.

Decided May 16, 1904.

**Administration—Classification of Claims—Revision of Judgment.**

The action of the court in classifying a vendor's lien note held by an administrator against the estate as of the second class, expenses incurred in administration, and a note held by plaintiff as of the third class, claims secured by lien, thus giving the note held by the administrator priority, did not have the effect of a final judgment, but was subject to revision as long as the administration remained open.

Error to the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Fisher, Sears & Sherwood,* for plaintiffs in error.

*Anselm H. James* and *T. W. Archer,* for defendants in error.

GILL, ASSOCIATE JUSTICE.—This proceeding was instituted August 4, 1902, by Archer and Amsler in the probate court of Harris County to set aside the classification of a claim against the estate, owned by Garrett Hardcastle and sold by him to his wife, to have same reclassified and to establish priorities as between it and the claims asserted by Archer and Amsler.

The probate court sustained a general demurrer to the bills. On appeal to the District Court plaintiffs obtained a judgment as prayed for and Garrett Hardcastle and his wife have appealed.

The facts are as follows: Garrett Hardcastle was the owner of two, vendor's lien notes executed by P. F. Hardcastle and secured by a lien on block 46 of Hardcastle's addition to the city of Houston. He sold one of the notes to S. Amsler under circumstances which gave it a priority over the note retained by Garrett Hardcastle as against the property by which it was secured. P. F. Hardcastle died and Garrett Hardcastle became administrator of his estate in March, 1893. When Amsler presented his note for approval the administrator told him not to employ an attorney; that he, the administrator, would attend to its allowance, approval, classification and payment. It was thereupon allowed, approved and thereafter properly classified as of the third class. The note retained by Garrett Hardcastle was approved by the court February 1, 1894, and classified as of the second class. In January, 1896, it was transferred by him to his wife, M. L. Hardcastle, in satisfaction of a pre-existing debt. It was thus classified by the court through inadvertence, but the classification was duly evidenced by an entry upon the claim docket as well as by indorsement on the note.

Thus stood matters until 1903, Amsler having no knowledge of the erroneous classification and the administrator asserting no right to priority by reason thereof. The question arose only when the administrator in pursuance of an order of court had sold the property of the estate for the payment of the debts. The administration is still pend-

ing. This suit was brought in 1903 after the administrator and his wife had insisted on the right, by reason of the erroneous classification, to have her note satisfied first out of the proceeds of the sales.

T. W. Archer held a claim against the estate secured by a lien on half of block 27 which was duly approved and classified as of the third class. When this half block was sold Amsler became the purchaser. The court approved the sale and ordered a deed to be made to him and his bid credited with such sum as would be payable on his debt after the claims having priority by reason of classification or otherwise should be satisfied. Protesting against this order in so far as it gives precedence to the administrator's note, Amsler joins in this suit.

Appellants contend that the order of the court classifying the claim of the administrator had the force and effect of a judgment and was therefore not subject to revision except by timely appeal therefrom.

A determination of this question will dispose of this appeal. Article 2091 of the Revised Statutes requires the classification of claims as follows:

First class. Funeral expenses and expenses of last sickness.

Third class. Claims secured by mortgage or other liens so far as the same can be paid out of the proceeds of the property subject to such mortgage or lien.

Fourth class. All claims legally exhibited within one year after the original grant of letters testamentary or of administration.

Fifth class. Claims exhibited after the lapse of one year.

Article 2085 declares that the action of the court in approving or disapproving a claim shall have the force and effect of a final judgment from which an appeal will lie to the district court.

Article 2093 directs the payment of claims in the order of their classification subject to the allowance to the widow and children, which has precedence of all else except claims properly falling within the first class when presented within sixty days from the grant of letters.

It has been held by our Supreme Court that orders approving and classifying claims in favor of administrators for expenses of administration have not the effect of final judgments, but are subject to objection and revision as long as the administration remains open.

The reason given is that in passing on such claims the proceeding is ex parte. The administrator represents his own interest and the estate and those interested therein are without a representative, whereas with respect to the claims of third parties the estate is represented by the administrator and they are established through him. There is no express provision of the statute giving that effect to such orders, and it is doubtless absent from the statute for the reason stated. So in considering an administrator's final account objection will be heard to any item therein without reference to the former orders of the court approving it and classifying it as of the second class. Richardson v. Kennedy, 74 Texas, 509, cited with approval in De Cordova v. Rogers, 75 S. W. Rep., 17.

In the case last cited the claim of a guardian for a credit for sums paid out on orders of the court duly entered are distinguished from personal claims in his behalf against his ward's estate.

Applying this doctrine to the case at hand the matter stands thus. The legal effect of the order of the court in classifying the note of the administrator as a claim of the second class was to adjudge it to be a part of the expenses of administration. As such it was subject to review at any time and an appeal therefrom was not necessary. A review of the order at the instance of one injuriously affected thereby might result either in its entire disallowance or a reclassification. The trial court has approved its allowance as a just debt of the estate but has properly reclassified it. As to claims of the same class the classification does not affect the issue of priority. The court therefore rightly proceeded to adjust the question of priorities and we find no error in his action. This view of the case renders it unnecessary for us to dispose of the other assignments which are addressed chiefly to the action of the trial court in admitting evidence claimed to be immaterial. The actual status of the claim is shown beyond dispute and the only possible defense was res adjudicata, which in our opinion is not available.

The judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.