**HEAVEY et al. v. CASTLES.  (No. 505.)\***

Court of Civil Appeals of Texas.  Eastland.
Nov. 23, 1928.

On Rehearing, Jan. 11, 1929.

Frazier & Averitte, of Hillsboro, for plaintiffs in error.

Thomas & Shapard, of Anson, for defendant in error.

HICKMAN, C. J.  This case was brought to this court by writ of error proceedings. For convenience, plaintiffs in error will be styled plaintiffs, and defendant in error will be styled defendant.  Plaintiffs brought suit against defendant in the county court of Jones county in the form of a petition for review and for substitute letters of administration.  That court denied all relief prayed for. Upon appeal to the district court of said county, and trial de novo, a like judgment was entered, and the latter judgment is brought here for review.

On January 27, 1925, T. J. Lawrence and Seth Lawrence, creditors of the estate of Lawrence Heavey, deceased, filed application in the county court of Jones county, in which application they were joined by Sid G. Castles, for letters of administration upon the estate of said deceased, to be issued to the said Castles.  Service of citation upon said application was had by publication in a newspaper, and no notices thereof were posted.  On February 19, 1925, an order was duly made and entered, granting administration upon the estate and appointing Castles administrator thereof.  Castles was not related to the deceased, nor was he a creditor of his estate.  The administrator qualified under his appointment.

The deceased, Lawrence Heavey, prior to his death had resided in Jones county for more than 30 years, and it was thought by his neighbors that he had no relatives.  His estate was indebted in such manner as to justify the appointment of an administrator. Practically the whole of his estate consisted of a section of land in Jones county, against

*Writ of error refused.

which there was an indebtedness. The administrator sold this land under orders of the court, and sold the remaining assets of the estate. He also gave notice to the creditors, approved their claims, and same were paid out of the assets in the hands of the administrator. Thereafter it was discovered that the deceased had some relatives residing in Hartford, Conn., who were entitled to the residue of the estate. These relatives are the plaintiffs herein. The instant suit was brought for the purpose of reviewing all the acts of the administrator, setting aside various probate orders made in the administration of the estate, and to substitute one of the plaintiffs, Peter Lawrence Heavey, as administrator in place of Sid G. Castles. Further facts will be detailed in connection with the discussion of the law questions raised.

By seven propositions, four questions of law are presented to this court for its decision, which will be noted in their order. The first contention is that there was no proper service of citation upon the application for administration, and, for that reason, the appointment of an administrator by the court was without authority of law and void. This proceeding was had before the adoption of R. S. 1925, and the articles of the statute referred to in the disposition of this question are articles of Vernon's Complete Texas Statutes of 1920. It is urged that, by the provisions of articles 3256 and 3257 of said Statutes, citation on application for administration must be served by posting, and that said articles were in no manner repealed or modified by the provisions of article 6016½ of said Statutes (now article 28, R. S. 1925); the contention being that the last-named article referred only to notices, and that a recognized distinction exists at law between notices and citations. This is an important question of law, and one about which we do not feel it would be proper to express an opinion, unless such opinion should be deemed necessary to a decision of the case. Having determined that a decision of this question is not necessary to a determination of this case, we shall not state our views with reference thereto. We shall, therefore, discuss only the reason why this question is not necessarily presented to us for our determination.

The record discloses that, after the estate had been converted into cash, and after the creditors had all been paid in full, the plaintiffs, being the only heirs of the deceased who were entitled to a distributive portion of his estate, voluntarily came into court and actively invoked the jurisdiction of the court by an application for partition and distribution of the estate, as provided in article 3598, R. S. 1925; that in response to said application, and in accordance with the provisions of article 3601, R. S. 1925, the administrator

made out a full report of his administration of the affairs of the estate and the various items thereof; that, before said application was acted upon, S. W. Breeding, who held a power of attorney from plaintiffs, granting him broad and general powers in connection with representing plaintiffs' interests in said estate, took possession of said report, submitted it to his attorneys, examined it, and said it was in good shape. This application for partition and distribution recognized the administration and recognized Castles as the administrator. After due service upon said application the probate court considered same, heard evidence on the application and on the administrator's report, and found that the report was correct. Judgment was accordingly entered, approving the report and account.

Thereafter the administrator paid to each of plaintiffs and to their attorney in fact, Breeding, who had a contingent interest in the estate under the terms of his power of attorney, all of the assets on hand, except a small portion reserved under the order of the court to cover future expenses of administration. The order for partition and distribution expressly found that all of the plaintiffs were adults, and were heirs and the only heirs of the deceased, and entitled to his estate. Vouchers were issued by the administrator to each of plaintiffs and their attorney in fact, and before such vouchers were delivered to them they each executed a receipt therefor, in which receipt the sum of money represented by each respective voucher was acknowledged; each receipt disclosing that the money was received under the order and judgment of the probate court of Jones county entered in response to the application for partition and distribution.

It therefore conclusively appears from the foregoing facts that each and all of the plaintiffs voluntarily submitted to the jurisdiction of the court, invoked its powers for the purpose of partitioning and distributing the proceeds of the estate realized by sales made under the administration, and voluntarily recognized such administration and Sid G. Castles as administrator. The court acquired jurisdiction of the estate upon the filing of proper application for administration. The purpose of citation is to acquire jurisdiction over interested parties. Since the only parties claiming that the court had no jurisdiction over them have themselves voluntarily come into court and recognized its jurisdiction and invoked its powers, they have waived any question of the manner of service of citation upon them, and are estopped to claim that the court had no jurisdiction over them.

The leading case relied upon by plaintiffs as holding an administration void without proper service of citation is Perez v. Perez, 59 Tex. 322. We do not think that decision,

or any other decision relied upon by plaintiffs, supports their contention. In that opinion the following statement will be found: "Process was doubtless waived by those who appeared, but the rest of the heirs of the deceased were necessary parties to the proceeding, and if they were not before the court, the probate of the will was improperly had." In the instant case, all of the heirs waived process, and it is our conclusion that they should not be heard to complain of the manner of service of citation.

■ The next question presented by the appeal relates to the right of plaintiff Peter Lawrence Heavey, next of kin to the deceased, to be substituted as administrator for Sid G. Castles, who was not related to the deceased. That said plaintiff had a preference right under the statute is not questioned, but his application in this case came after the estate had been administered and a final report was pending, with nothing further to be done, except the distribution of the small balance which may remain upon the approval of the final report. It also came after said plaintiff had received a distributive portion of the estate. Under the facts and circumstances, it is our opinion that by his acts above detailed in procuring a partition and distribution of the estate he waived his preference right, and that the court did not err in refusing his application in this regard.

■ The next question presented challenges the right of an administrator under the statutes of 1920 to charge against the estate the amount of money paid by him as a premium for making his administrator's bond. As we understand the record, this contention has no support therein. There is no order of the probate court allowing such claim against the estate. The final report of the administrator contains an item for premiums on administrator's bond, but this report has never been acted upon by the probate court. The district court acquired no jurisdiction over a matter not acted upon by the probate court, and this court likewise has acquired no jurisdiction thereof. We will not presume that the county court will enter an unlawful order. This contention is overruled.

■ The next question presented challenges the right of an administrator to sell a vendor's lien note without an order of the probate court authorizing him to do so. The basis of this contention is that the administrator sold a section of land belonging to the estate to one B. L. Jones for $27,000, one-half cash and the other one-half represented by a vendor's lien note of even date with the deed, payable on or before one year from date, bearing interest at the rate of 8 per cent. per annum. On the same day the note was executed, same was transferred by the administrator to a loan company. All of these transactions took place prior to the time these plaintiffs filed their application for partition and distribution above referred to. The proceeds from the sale of this note were partitioned and distributed under the judgment rendered upon that application. That judgment was not excepted to, nor was an appeal prosecuted therefrom.

It is now sought to go behind that judgment, and disregard it, and again audit the administrator's report. This the plaintiffs have not the right to do. That judgment had become res adjudicata of the issue, and plaintiffs are estopped by their own acts and by said judgment to question the regularity of the transaction. Probate courts have general jurisdiction over decedents' estates, and judgments of such courts in the course of an administration, when not absolutely void, can be set aside after the term expires only in a direct attack, in which allegations of fraud, accident, or mistake are contained. Hicks v. Oliver, 78 Tex. 233, 14 S. W. 575; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Hirshfeld v. Brown (Tex. Civ. App.) 30 S. W. 962; Ruenbuhl v. Heffron (Tex. Civ. App.) 38 S. W. 1028; Daimwood v. Driscoll (Tex. Civ. App.) 151 S. W. 621.

Plaintiffs' petition was a direct attack, and contained allegations of fraud; but the trial court was abundantly justified in finding that no element of fraud entered into the management of this estate.

We believe that no error was committed by the trial court, and its judgment will therefore be affirmed.

### On Motion for Rehearing.

In their motion for rehearing plaintiffs in error request us to make additional findings of fact, as follows:

"The amount received by the administrator in consideration of the sale and transfer of said note was the sum of $13,500. Such sale and transfer of said note by said administrator was without any order of the probate court authorizing him to do so."

The request is granted, and the above supplementary findings are made by us. We think it proper to state, however, in connection with this finding, that the administrator had authority under the order of sale to sell the property for all cash, or for not less than one-third cash and the balance in deferred payments. The transaction amounted practically to a sale for cash. It is true that the note mentioned was created, same being payable on or before one year from its date; but on the same day, and apparently as a part of the same transaction, the note was transferred to a loan company. While we do not regard this as, strictly speaking, a payment of the note by the maker, yet, since all of this transaction took place prior to the suit for partition and distribution mentioned in the original opinion, and the appellants

themselves divided the proceeds of this sale, and no appeal was ever had from the judgment in the partition suit, we do not think appellants should now be heard to complain.

We are requested to make the further finding of fact:

"In his report filed in response to application for partition and distribution, the administrator credited himself with a commission of 5 per cent. of the proceeds of the sale of such note, same amounting to $675, and such credit was allowed in the judgment rendered upon such application."

This request is also granted, and the above findings are made as supplementary to those contained in the original opinion. In addition to the authorities cited in the original opinion on the question of the finality of judgments of a probate court rendered in the course of a probate proceeding, we desire to cite the following: Heath v. Layne, 62 Tex. 694; Richardson v. Kennedy. 74 Tex. 507, 12 S. W. 219; De Cordova v. Rodgers, 97 Tex. 60, 75 S. W. 16.

We have carefully considered the motion for rehearing, but adhere to our original opinion. The motion will therefore be overruled.