## HURLEY v. WHITE.
### No. 11467.

Court of Civil Appeals of Texas. Dallas.
Oct. 14, 1933.

Rehearing Denied Nov. 25, 1933.

Barnie Cantrell, of Dallas, for appellant.

Eric Eades and Sam P. Kohen, both of Dallas, for appellee.

BOND, Justice.

This suit was instituted by Nora V. Hirsch, joined by her husband, Jack Hirsch,

and O. W. McFadin, against Olga Mae Kelby Hurley, temporary administratrix of the estate of David F. Kelby, deceased, Mrs. Joseph Kuhn, Nell Ann Kelby, and the unknown heirs of Nell Ann Kelby, deceased, in the nature of an application for writ of certiorari to vacate an order of the county court and distribute the funds in the hands of the administratrix, as belonging to the David F. Kelby estate.

The trial court authorized the appointment of an administrator of Nell Ann Kelby's estate; W. D. White was duly appointed and filed his petition in intervention, and he, in detail, asserted claim to the fund, thus joining issue with appellant and the other parties to the suit.

The case was tried to a jury and, at the conclusion of the testimony, the trial court directed a verdict for intervener, judgment was rendered vacating the order of the county court, directing the administratrix to pay to the estate of Nell Ann Kelby $9,428.50, with interest, and, on payment of said sum, appellant be discharged as administratrix. The defendant Olga Mae Kelby Hurley appealed.

While, strictly speaking, this case is not a companion case to the one this day decided by this court (Olga Mae Kelby Hurley, Adm'x v. Nora V. Hirsch et al., 66 S.W.(2d) 387), yet it involves the devolution of the $9,428.50 allocated by this court to the estate of David F. Kelby, as a conduit for its proper distribution under and by virtue of the War Risk Insurance Act, enacted by the Congress of the United States (World War Veterans' Act 1924, § 303, as amended by Act March 4, 1925, § 14 [38 USCA § 514]). To that extent, the two cases are related and governed by the rules of law there announced, and it becomes unnecessary to discuss here the same propositions, which are involved and decided adversely to appellant in the cited case. We have carefully considered all of the assignments and, in view of the admitted and uncontroverted facts of this record, such assignments become immaterial, and they are expressly overruled. Our holding in the cited case, on propositions urged in this appeal, concludes a discussion of appellant's assignments.

The evidence is undisputed that David F. Kelby was a soldier in the United States Army during the World War, and, while he was so serving,.he purchased a war risk term insurance policy in the principal sum of $10,-000; the policy being payable in 240 monthly installments of $57.50 each. The policy provides that, if the soldier, David F. Kelby, became totally and permanently disabled while the policy was in force, the monthly installments would mature in his favor, payable to him as long as he lived, and after his death the policy, if not in full paid out, would be payable in monthly installments to

Frank Kelby, his father, the designated beneficiary, until the remaining installments were paid, if said beneficiary lived long enough to receive all such installments, and the commuted value of any installments remaining unpaid at the death of the designated beneficiary would be payable to the estate of the insured.

On June 1, 1924, David F. Kelby died intestate, leaving surviving as his sole relatives Nell Ann Kelby (his wife), Frank Kelby (his father), and Nora V. Hirsch, who claims to be a niece, and at the time of his death was a legal resident of the state of Texas. Frank Kelby, beneficiary, survived the insured and died prior to receiving all of the 240 monthly installments. Administration was granted upon David F. Kelby's estate by the probate court of Dallas county, and appellant, Olga Mae Kelby Hurley, was appointed temporary administratrix, and as such collected on said insurance policy the commuted value of the installments remaining unpaid after the death of Frank Kelby, amounting to the sum of $9,428.50.

█ The question as to when the heirship must be determined, in cases where war risk insurance is payable after the death of the designated beneficiary, has been the subject of judicial determination in many states, including our own, and it may be stated that it is now the settled law of this state; such heirship is determined as of the date of the soldier's death. Turner et al. v. Thomas (Tex. Civ. App.) 30 S.W.(2d) 558, and authorities cited.

█ The case falls squarely within the provisions of said act of Congress, and the devolution of the fund should be traced under the laws of descent and distribution of the state of Texas, as of the date of the death of the soldier. Article 2462, R. S. 1911 (article 2571, R. S. 1925), provides that: "Where any person having title to any estate of inheritance, real, personal or mixed, shall die intestate as to such estate, and shall leave a surviving husband or wife, the estate of such intestate shall descend and pass as follows: * * * 2. If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate. * * *" So, in this case, David F. Kelby having died intestate, leaving no child or children or their descendants, his surviving wife inherited all of his estate, and the administrator of her estate is entitled to the possessory right to the funds in controversy, less the legitimate expenses of the pending administration upon the estate of David F. Kelby.

We conclude that the order of the county court, ordering the funds in controversy paid to the administratrix of Frank Kelby, deceased, is improper, and should be vacated, and the county court directed to order the

administratrix of David F. Kelby's estate to pay to the intervener, W. D. White, administrator of the estate of Nell Ann Kelby, the sum of $9,428.50, less the legitimate costs and expenses of administration, and the judgment of the district court, vacating the order of the county court, is affirmed, and, where the judgment directs that the entire fund, with interest, be paid to W. D. White, administrator, and the administration on the estate of David F. Kelby be closed, and the administratrix be discharged, is reformed; Olga Mae Kelby Hurley, administratrix, is ordered to pay to W. D. White, administrator, the sum of $9,428.50, less the legitimate costs and expenses of administration, and the administration be continued until further orders of the county court; the district court is directed to certify the decision of this court to the county court for observance.

Judgment of the district court is reformed in accordance with our holdings herein, and as reformed the case is affirmed. All costs taxed against the intervener, W. D. White.

Affirmed.

### On Motion for Rehearing.

Appellee, on motion for rehearing, assails the conclusions stated in our original opinion, holding that the fund involved in this litigation should not bear interest and be paid to appellee, White, less all legitimate costs and expenses of administration, and contends that the judgment of the court below, decreeing to appellee, White, the full amount, "with interest thereon from April 19, 1932, until paid, at the rate of six per cent (6%) per annum," should be affirmed, and that a deduction for the expenses of administration should not be allowed by this court. These contentions were raised on motion for rehearing in the related case of Olga Mae Kelby Hurley, Administratrix, v. Nora V. Hirsch, 66 S.W.(2d) 387, this day decided adversely to appellee's contentions; thus, applying the conclusions therein reached, precludes further discussion here.

In our original opinion in this case, we stated that the "judgment of the district court * * * directs * * * the administration on the estate of David F. Kelby be closed, and the administratrix be discharged," and on such finding concluded that "the administration should be continued until further orders of the county court." Our attention has been called to the fact that the quoted action of the lower court was made in the cited kindred case, supra, and not in the instant case. We have reviewed the record in both cases and find that appellee's contention in this respect is correct; therefore our finding that the district court judgment in this case is so stated is here withdrawn, and our conclusion based thereon "that the administration be continued until

further order of the county court" is also withdrawn.

The record reveals that on February 1, 1932, Olga Mae Kelby Hurley was duly appointed temporary administratrix of the estate of David F. Kelby, deceased, and the order of the probate court, making the appointment, directs that the "power of Olga Mae Kelby Hurley, as such temporary administratrix, shall cease on the 7th day of March, 1932"; that on March 7, 1932, the powers previously granted in the appointment of the administratrix were, by the court, "continued in full force and effect for a period of sixty (60) days from the date hereof." No further orders extending the powers of the administratrix appears of record, nor does it appear that the administration was ever made permanent. On April 19, 1932, the temporary administratrix, by virtue of an order of said court, expended the entire fund belonging to said estate.

Articles 3380 and 3381, R. S. 1925, provide:

"Art. 3380. At the expiration of the time for which a temporary administrator has been appointed, he shall file with the clerk of the court, duly verified, a list of all property of the estate which has come to his hands, a return of all sales made by him, and a full exhibit and account of all his acts as such administrator.

"Art. 3381. The list, return, exhibit and account filed by the temporary administrator, shall be acted upon by the court, and whenever temporary letters shall expire, or cease to be of effect from any cause, the court shall immediately, either in term time or vacation, enter an order upon the probate minutes requiring such temporary administrator to forthwith deliver the estate remaining in his possession to the person legally entitled to the possession of the same."

The administration being closed by operation of law and the very terms of the order of the court making the appointment, and no appeal therefrom, a judicial decree is not available to continue the administration, or to direct the administrator to further act. The district court, in certiorari proceedings to review probate matters, is confined to a retrial of the issues involved on the appeal, as disclosed in the application for the writ of certiorari, and must make such orders as the probate court should have made, and certify its action to said court for observance. If the administration be closed, the order of the district court thus made is the final decree to be entered, by the probate court, in the administration. The application in the case at bar involves probate orders distributing the entire funds of the estate, and the approval of the administratrix's final account, in effect, closes the administration, and the judgment of the district court, as reformed by this court, directing the orders

of the probate court to be vacated, and decreeing that Olga Mae Kelby Hurley, administratrix. pay to W. D. White, administrator, of the estate of Nell Ann Kelby, the sum of $9,428.50, less the legitimate costs and expenses of administration, is the judgment for the district court to certify to the county court for observance, and is the final judgment in the administration.

The costs on this appeal are taxed against appellee, White, administrator, and, as in our decision on the motion for rehearing in the cited related case, supra, all costs intended on our original opinion bear evidence only of the costs on this appeal; costs in the district court follow its judgment, and are taxed against appellant.

Overruled.