**HURLEY et al. v. HIRSCH et al.**

No. 11466.

Court of Civil Appeals of Texas.   Dallas.
Oct. 14, 1933.

Rehearing Denied Nov. 25, 1933.

See, also, Hurley v. White, 66 S.W.(2d) 393.

Barnie Cantrell, of Dallas, for appellants.

C. A. Matthaei, D. D. Mahon, and D. B. Eades, all of Dallas, for appellees.

BOND, Justice.

On September 16, 1932, Nora V. Hirsch, joined pro forma by her husband, Jack Hirsch, and O. W. McFadin, filed suit in a district court of Dallas county against appellant, Olga Mae Kelby Hurley, temporary administratrix of the estate of Frank Kelby, deceased, Mrs. Joseph Kuhn, and Nell Ann Kelby, in the form of an application for writ of certiorari to set aside and distribute a fund in the possession of said temporary administratrix.

The petition alleges that appellant, Olga Mae Kelby Hurley, was appointed temporary administratrix of the estate of Frank Kelby, deceased, and as such administratrix came in possession of $3,335, from the United States government, proceeds of a war risk insurance policy belonging to said estate, and the further sum of $9,428.50, received from the estate of David F. Kelby, deceased.

The petition further alleges that, on April 19, 1932, said appellant, by fraudulent representations as to the heirship of Frank Kelby, procured and caused to be made and entered by the probate court of Dallas county an order authorizing her, as temporary administratrix of the estate of Frank Kelby, deceased, to pay to herself, as the sole heir of Frank Kelby, the entire sum of $12,863.-50; when, in fact, Frank Kelby died intestate, leaving surviving Olga Mae Kelby, his wife, and appellee Nora V. Hirsch, the only child of Elizabeth McFadin, a deceased daughter of Frank Kelby.

The record reveals that David F. Kelby, a veteran of the World War, had issued to him a war risk insurance policy, and that he died intestate in June, 1924, leaving surviving Nell A. Kelby (his wife), Frank Kelby (his father), and Nora V. Kelby (a putative niece and daughter of his deceased sister, Eliza-

beth McFadin). On April 7, 1929, Frank Kelby died intestate, leaving as his only heirs his wife, Olga Mae Kelby (who afterwards married Hurley), and the alleged granddaughter, Nora V. Kelby (who married Jack Hirsch). The policy was made payable, by the United States government, to Frank Kelby, and, for the purpose of collecting the allocated amounts due the estates of Frank Kelby and David F. Kelby, Olga Mae Kelby Hurley applied to and received from the county court of Dallas county appointment as temporary administratrix of both estates, collected the respective sums of money due, and on April 19, 1932, made report to the court appointing her of the collection of $3,335, for the estate of Frank Kelby, and $9,428.50, belonging to said estate, received from the estate of David F. Kelby. This record does not disclose how the $9,428.50, due to and collected for the David F. Kelby estate, came to be transferred to the estate of Frank Kelby, thus placing the entire proceeds of the insurance policy into the administration.

The writ of certiorari issued, and the trial in the district court, which, under our law, was a trial de novo, resulted in the establishment that Olga Mae Kelby Hurley and Nora V. Hirsch were, at the time of the death of Frank Kelby, and are now, his sole heirs, and entitled to a distributive share of his estate. Judgment was entered vacating the order of the county court and decreeing that the temporary administratrix pay to appellee Nora V. Hirsch the sum of $8,509, that appellant Olga Mae Kelby Hurley retain for her use and benefit the sum of $4,254.50, and that on a final distribution of the estate, in compliance with the provisions thus enunciated, the temporary administration be closed, and the administratrix and her bondsmen released.

The genealogy of appellee Nora V. Hirsch, establishing her to be the child of an unmarried daughter of Frank Kelby, is the basis of the judgment.

■Appellant assigns error on the action of the trial court in overruling her application for a continuance, basing same on the ground that she did not have time to prepare for trial, obtain witnesses, and secure documental evidence on file in the War Risk Insurance Department of the United States government. The assignment and propositions anent thereto nowhere set out the materiality of any record, or state the name of any witness whose testimony is material, or what such absent testimony would disclose; appellant's brief does not show wherein she was prejudiced, in the trial of the case, by the order overruling her application for a continuance. The assignment and propositions are entirely too vague and general for consideration by this court, and, if the ac-

tion of the trial court was error, such is not properly before us in appellants' brief; therefore they are not considered.

■ Appellant further assigns error on the action of the trial court in overruling her special exception to appellee's petition for writ of certiorari, on the ground that appellee's remedy is one by bill of review. The right to have the order and decree of the county court reviewed and corrected by certiorari in the district court is statutory (article 932, R. S. 1925). The statutes afford various means of relief to one aggrieved with an order or decree of a probate court. District courts have no original jurisdiction to revise and correct such orders. Its jurisdiction in this respect is entirely appellate, to be exercised by means of appeal, or writ of certiorari, and it is not necessary that a proceedings by bill of review be first instituted as a prerequisite to the exercise of jurisdiction by a district court.

■ Under assignments, the further contention is made, in substance, that witnesses were permitted, over the objection of appellant, to testify as to declarations made by deceased persons as to the pedigree of appellee Nora V. Hirsch, and her relationship to Frank Kelby, deceased. The declarations and statements testified to by witnesses were those made by members of the Kelby family, now deceased, and related by the witnesses, who were in position to predicate such statements; the record discloses that a sufficient predicate had been laid by appellee, prior to the introduction of such declarations, that the declarants were in position to know the related facts, that they are now dead, and that such facts could not be shown by living witnesses. "Pedigree is the history of family descent, which is transmitted from one generation to another by both oral and written declarations. As a general rule, hearsay evidence is admissible to prove pedigree or relationship. * * * This rule rests upon the principle that the natural effusions of those who talk of family affairs when no special reasons for bias or passion exists, are fairly trustworthy, and should be given weight. * * * Hearsay is admissible under the pedigree rule to show birth, death, marriage, age, parentage, or relationship." 17 Tex. Jur. p. 600. Under such predicated facts, we conclude that such declarations and statements of deceased members of the Frank Kelby family, related by witnesses on the trial, do not offend the rule as to the admission of hearsay testimony.

■■ Appellants complain of the action of the court in permitting appellee to introduce in evidence a certified copy of a birth certificate filed in the vital statistic records of Dallas county, offered by appellee for the purpose of establishing the identity of appellee's mother. The certificate recites that,

on May 23, 1912, at 1902 Young street, Dallas, there was born to Lizzie Kellvey an illegitimate child. There is testimony in the record that Elizabeth Kelby, mother of appellee, Nora V. Hirsch, lived on Young street, and that appellee was born on the date disclosed in the certificate. The name of the mother set forth in the certificate is "Lizzie Kellvey," whereas the party claimed to be appellee's mother is "Lizzie Kelby." It is apparent that "Kellvey" is either a mistake of enunciation or in deciphering handwriting. A discrepancy in the name goes more to its weight than to its admissibility. The certificate is one which officials of this state are required by law to keep, preserving such information as the name of parents, date and place of birth, etc., of children. Thus it may be reasonably concluded that the certificate heralded the birth of appellee; at least, such testimony is admissible for the consideration of the jury.

■ Appellant further assigns as error the action of the trial court in overruling her objection to the introduction of an item appearing in a local newspaper, dated January 4, 1924, which chronicled the death of Mrs. O. W. McFadin, formerly Elizabeth Kelby, stating that she was survived by her daughter, father, and brother. The only question presented by the assignment is that the evidence bears no authenticity. The record reveals that the newspaper item was introduced in evidence, during the trial of the case it was withdrawn, and the jury specially instructed by the trial court to disregard same. In the light of appellants' assignment, whatever error may have been committed by the introduction of the newspaper item evidently was cured by the subsequent action of the trial court in excluding it.

■■ The further assignment is made by appellant on the action of the court in permitting the introduction in evidence of a death record kept by an undertaking company. Appellant, neither in her assignment nor in the propositions anent thereto, discloses the nature of the undertaker's record, or what it contains, and appellants' brief does not portray any fact, such as to enlighten the court on the error complained of. Errors in trial courts must be brought to the attention of appellate courts, through the means provided by law.

■ The further assignment of error is based on the action of the trial court in not permitting appellant to introduce an affidavit made by Frank Kelby in 1928, in which is stated, "I have no living close relatives." The record discloses that Frank Kelby, in making the proffered affidavit, did so for the purpose of identifying himself as the father of David F. Kelby. In the affidavit he states: "* * * As the father of the deceased (David F. Kelby) and having been requested

to procure the proof of relationship in the form of a public birth record, church record of birth, or two affidavits from doctor, midwife, or persons present at the time of birth, I am unable to do this and am submitting the next best evidence with this affidavit, explaining why I can't give the requested evidence. There were kept no public records of births in Fisk County, Mo. at the time, so I am informed by the present county officials. The doctor who attended my wife at the birth of this son is dead. When my son, David F. Kelby, was born, we were living only temporarily at Popular Bluff, Mo., consequently, I do not now remember any persons who knew of the birth of my son. My wife is now dead, and I do not know the location of any of her near relatives, was unable to find them at the time of her death about 11 years ago. I have no living close relatives." The expression "I have no living close relatives," taken in connection with the preceding expressions in the affidavit, evidently shows the undertaking of the affiant to state that he could not produce evidence of the relationship of himself to David F. Kelby, and it cannot be construed to mean that Frank Kelby was attempting to say that Nora V. Hirsch was not his relative. The affidavit, when read as a whole, could have no probative force in proving or disproving the relationship of Nora V. Hirsch to Frank Kelby, and appellant could not be prejudiced by the action of the court in excluding said affidavit.

■■ The controlling issue involved in the trial of this case being the pedigree and relationship of appellee Nora V. Hirsch to Frank Kelby, deceased, whatever error, if any, may have been committed by the trial court, either in the introduction of the birth certificate, the undertaker's record, and the newspaper item, or the exclusion of Frank Kelby's affidavit, the fact remains that the evidence conclusively shows that such errors were harmless. They do not amount to such a denial of the rights of appellant as is reasonably calculated to cause a rendition of an improper judgment, or to be said to have influenced the jury in rendering its verdict, viz., that Nora V. Kelby Hirsch is a daughter of Elizabeth McFadin, deceased. A brief résumé of the testimony leads to such inevitable conclusion.

Mrs. Joseph Kuhn, a witness for appellee, after testifying as to her relationship to the Kelby family, testified that Elizabeth told her that Nora was her child, and that Frank Kelby stated that Nora was his grandchild. O. W. McFadin, another member of the Kelby family, testified that he married Elizabeth in the fall of 1915; that he had known her for about a year and a half before their marriage; that, when he first met Elizabeth, she had with her the child Nora, who was then about two years of age; that the child was in-

troduced to him as the daughter of Elizabeth; that Elizabeth always treated the child as hers; and that no question was raised prior to his marriage or during his marriage as to Nora not being the child of Elizabeth. Mrs. S. H. Garrett testified that she was intimately acquainted with the Kelby family; that she lived across the street in front of their home; and stated that Elizabeth had told her that Nora was her daughter. Cora Taylor, a colored woman, testified that she had known the Kelby family since Nora was about a year old, that she lived then in the Kelby family on Young street, and that Elizabeth told her that Nora was her child, and that Mr. and Mrs. Frank Kelby both told her that Nora was Elizabeth's child.

Contradicting this positive testimony is the testimony of appellant. She testified that she did not know that Nora was the grandchild of Frank Kelby and the daughter of Elizabeth, and denied such relationship. Dr. Ford testified that in the years of 1920 and 1921 he examined Elizabeth McFadin, and from a medical standpoint it was his opinion that she had never given birth to a child; the expert testimony of Dr. Ford was sharply controverted by that of a Dr. Smith, testifying for appellee.

The uncontroverted testimony is that Nora V. Hirsch remained in the Kelby family from infancy, and appellant failed to furnish any testimony to explain her existence, or who she is supposed to be, or how she came to be a member of the Kelby family; such is most cogent and convincing evidence as to her relationship. Thus we conclude, as found by the jury and trial court, that Nora V. Hirsch is the grandchild of Frank Kelby deceased. The assignments herein discussed are overruled.

■■■■ In certiorari proceedings, brought to revise orders and decrees of the probate court, the district court should vacate the orders complained of, if it finds them improper, and in the revision of such orders ascertain who the heirs are, restate the administrator's account, and make proper distribution of all the estate in accordance with the law and evidence. McShan v. Lewis, 33 Tex. Civ. App. 253, 76 S. W. 616; Richardson v. Kennedy, 74 Tex. 507, 12 S. W. 219. So, in this case, the conclusion is firmly reached that the order of the county court is improper, the sole heirs of Frank Kelby, deceased, are his wife, Olga Mae Kelby Hurley, and his granddaughter, Nora V. Hirsch, and, under the statutes of this state, they are each entitled to a distributive share of his estate, properly placed in the hands of the temporary administratrix.

■■■■ The stated funds received by the administratrix, the subject for distribution in this case, consists entirely of the proceeds of a war risk insurance policy issued to David F. Kelby, and payable to a designated beneficiary, Frank Kelby; thus the devolution of the funds is made, under the terms of the War Risk Act, which, as last amended (now World War Veterans' Act 1924, § 303, as amended by Act Cong. March 4, 1925, § 14 [38 USCA § 514]), in part reads as follows: "If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: * * * Provided further, That * * * in cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917."

The only authority for the payment of this fund to the administratrix of the beneficiary and of the insured is to be found in the foregoing statute, and, under its provisions, it became the duty of the administratrix to pay the fund to the parties coming within the terms of the law. The designated beneficiary, Frank Kelby, died prior to receiving all of the installments as were due, payable, and applicable; thus the amount due at the time of his death was payable to his estate, and the commuted value of the balance due on the installments is payable to the estate of the insured, David F. Kelby.

The money was received by Olga Mae Kelby Hurley—$3,335 as administratrix of the estate of Frank Kelby, and $9,428.50 as administratrix of the estate of David F. Kelby. Under and by virtue of the said War Risk Veterans' Act, the distribution of that fund is specifically stated. It designates the beneficiaries and places safeguards around the fund, so that the government may retain an interest in and control of it; i. e., in the event there are no persons coming within the designated class, the fund would escheat to the government of the United States. The fund paid on the veteran insurance policy is a special fund payable to the certain class of designated individuals, and the money belongs to the government until it arrives in the hands of the intended beneficiary, within the meaning of the statute. Butler v. Cantley, 226 Mo. App. 1047, 47 S.W.(2d) 258.

It is obvious that said $3,335, less the legitimate expenses of administration, including the compensation of the administratrix and

the fees of her attorney, should be distributed by the administratrix of Frank Kelby, deceased, one-third to Olga Mae Kelby Hurley and two-thirds to Nora V. Kelby Hirsch, in accordance with the law of descent and distribution of this state (article 2571, R. S. 1925), that the $9,428.50 should be paid to the administratrix of the estate of David F. Kelby, as a conduit for its distribution to the person entitled thereto, and that the order of the county court, approving the administratrix's inventory as to the fund of $9,428.50, as belonging to the estate of Frank Kelby, and distributing the entire fund to Olga Mae Kelby Hurley as the sole beneficiary, should be vacated and the county court directed to set aside its order and render judgment making the distribution of said funds in accordance herewith.

The judgment of the district court is affirmed, establishing Nora V. Hirsch as the daughter of Elizabeth McFadin, and the granddaughter of Frank Kelby, that she and Olga Mae Kelby Hurley are the sole heirs of Frank Kelby, deceased, and entitled to share in the distribution of his estate. The judgment distributing such funds is reformed as herein stated, the temporary administratrix of Frank Kelby's estate is ordered to distribute the $3,335, less the legitimate expense of administration—one-third thereof to appellant Olga Mae Kelby Hurley and two-thirds to appellee Nora V. Hirsch, and that the $9,428.50 be paid to the temporary administratrix of David F. Kelby's estate, to be by her administered as the law directs; the district court is directed to certify the decision of this court to the county court for observance.

Judgment of the district court is reformed, in accordance with our holdings herein, and, as reformed, the case is affirmed. All costs taxed against appellee Nora V. Hirsch.

Affirmed.

### On Motion for Rehearing.

■ Appellee again earnestly contends that the $12,863.50, the entire proceeds of the war risk insurance policy, issued under and by virtue of the Act of Congress of the United States (World War Veterans' Act 1924, and amendments thereto by Act of Congress March 4, 1925 [see 38 USCA § 511 et seq.]), be allocated, $4,254.50 to appellant Olga Mae Kelby Hurley, and $8,509 to Nora V. Hirsch, notwithstanding the record reveals that insured, David F. Kelby, died intestate, leaving surviving his wife, Nell Ann Kelby, and, under said act of Congress, she, or the estate of insured, is designated the contingent beneficiary, and as such entitled to the installments of the insurance policy, amounting to $9,428.50, which has been commuted in a related case by this court (Olga Mae Kelby Hurley, Temporary Adm'x v. W. D. White, Administrator, 66 S.W.(2d) 393), and

that the heirs of Frank Kelby, deceased, the beneficiary named in the policy, are entitled to $3,335. If the contention of appellee be sound, to which we cannot assent, we would have an anomalous situation: Out of an estate of $12,863.50, there would be allocated the sum of $22,292, which cannot be done. Equitable principles are a part of the laws of Texas; "equity will not suffer a right to be without a remedy." The rule of law that the administrator of an estate is estopped to question the title to his intrusted fund has no application here; the administratrix of the estate of Frank Kelby, fiduciarily at least, represents all joint owners of the fund sought by appellee to be distributed. Actions on appeal or by proceedings in certiorari to review orders of the county court in administration proceedings necessarily call in question, not only the order involved, but the respective owners entitled to share in the distribution of the fund. Therefore the heirs of Frank Kelby and the administratrix of the estate of David F. Kelby are represented in the proceeding to distribute the proceeds of the insurance policy.

The record shows that appellant is the administratrix of the estates of both Frank Kelby and David F. Kelby, that the heirs of Frank Kelby are established, and that the estate of David F. Kelby is being administered; thus said act provides the correct manner of distribution of the proceeds arising in such a situation. The special fund released by the federal government, in settlement of the insurance policy, was payable to the designated individual, to wit, the named beneficiary, Frank Kelby, if living, but, if dead, and his death occurred before all the installments under the policy became due and applicable, his heirs are entitled to the amount due and unpaid, and all the installments not due at the time of his death are payable to the estate of David F. Kelby, or to his heirs, cognizant under the law of descent and distribution of this state, determinable as of the time of the insured's death. It is the duty of the court to distribute the fund in accordance with the said act of Congress. The beneficiaries to the fund, intended by the act, were properly before the court, and the distributive shares of each is stated in our former opinion.

■ Appellee further contends that she is entitled to receive interest on the amount due her by the administratrix, which, in our former opinion, is denied her. It is a settled rule of law that a person to whom money is due is entitled to interest upon such sum from the time same ought to have been paid, whether in satisfaction of a debt or for a breach of duty. Howard v. Emerson (Tex. Civ. App.) 65 S. W. 382. But, when a person is entitled to share in the distribution of an estate in the hands of an administrator, he must first establish a right there-

to, secure an order of the probate court directing its payment, and then, if the administrator refuses to obey the order of the court, the distributee is entitled to interest for the breach of duty, or, if the administrator as such unlawfully converts the fund intrusted to his keeping, to his own use and benefit, then he is liable for interest. An administrator is not required and legally cannot distribute or pay out funds in his custody, except on proper order of the probate court, and it cannot be said that it is a breach of duty for an administrator to refuse distribution, or refuse to pay a claim without the proper order from the court, or for paying out the fund when authorized by the court so to do. The orders of a probate court, made in the course of administration, are binding on the estate and the claimants thereto, until vacated by judicial proceedings. So, in the instant case, the administratrix distributed the fund belonging to the estate, under an order of the probate court, thus not liable either for the principal or interest, until such order is annulled, or vacated, and a judicial determination made as to whom and when the fund should be paid, and then only if she declines to perform her duty thus imposed.

In reforming the judgment of the lower court and directing distribution of the fund in the hands of the administratrix, we commuted the amount in allowing appellant a deduction for all legitimate expenses of administration. Expenses of administration are merely incident to an administratorship, limited and allowable by statute (Rev. St. 1925, art. 3691), thus deductible from the estate to be distributed, and that, without further order of the probate court, to be accounted for and approved on final distribution. In proceedings of this kind, the district court is required, not only to annul and set aside an improper order made by the probate court, but to enter such order as the probate court should have made, and certify its decision to the probate court for observance. Costs of administration, being merely incidental thereto, are allowable, and its deduction should have been made in the judgment of the lower court.

We see no reason to disturb the conclusion reached in our original opinion. All costs on this appeal are taxed against Nora V. Hirsch, and the cost in the district court follows its judgment, and taxed against appellant. Appellee's motion for rehearing is overruled, except recognizing that only the cost on this appeal is taxable against appellee, and the expression in our original opinion, that "all costs taxed against appellee Nora V. Hirsch," was intended to tax the costs as herein stated, and we so declare.

Overruled.