EXECUTORS OF J. McGLOIN AND ANOTHER v. VANDERLIP &
JONES.

If a party employ an attorney to prosecute a suit in his behalf as an admin-
istrator, he thereby becomes personally responsible to the attorney for his
fee, unless it is otherwise stipulated by contract.

The personal liability of the administrator to the attorney for the fee is not
affected by the fact that he has no pecuniary interest in the suit wherein
he employs the attorney. Nor has the statute of frauds any application in
such a case.

APPEAL from Nueces. Tried below before the Hon. M. P.
Norton.

The appellees, Vanderlip & Jones, brought this suit against
John J. McGloin and James McGloin, to recover the sum of
$1500, the fee of the plaintiffs, as attorneys, retained by the de-
fendants to institute and conduct a certain suit in the District
Court of Bexar county.

James McGloin having died, his executors were made defend-
ants.

The facts of the case are sufficiently indicated in the opinion.

Verdict and judgment in favor of plaintiffs for $1350.

*P. O'Docharty*, for the appellants.

*F. Faunt Le Roy*, for the appellees.

MOORE, J.—The demurrer in this case was properly overruled.
The petition charges that the plaintiffs, who are the appellees in
this court, were employed by the defendants, John J. McGloin
and James McGloin, to prosecute the suit for compensation of
their services wherein they are now seeking a recovery. That
the suit in which they were employed, was to be instituted in the
name of one of the parties in his representative capacity, did not
preclude the plaintiffs from claiming from the defendants reason-
able compensation for the services rendered at their request. Un-

McGloin v. Vanderlip.

questionably, if a party employs an attorney to prosecute a suit in his behalf as an administrator, he will be personally responsible for the fee, unless it is otherwise stipulated in the contract.

Neither is there any force in the objection that, as James McGloin had no pecuniary interest in the suit, he was not responsible, and could not be held liable on a contract for the attorneys' fee, unless his undertaking was in writing. The statute of frauds has no application to such a case. That he had no pecuniary interest in the suit, is immaterial if he employed the plaintiffs in the suit brought by them. Their services in it furnished a sufficient consideration to support a promise, express or implied, to pay them a reasonable compensation.

The letters of James McGloin to the plaintiffs were properly permitted to be read in evidence; for, though mostly referring to other matters, there was, also, evident reference to the matter involved in the suit for their services, wherein the plaintiffs make their present claim. It cannot be denied that the testimony to sustain the verdict is quite vague, and far from satisfactory; yet, as the verdict cannot be said to be without testimony to support it, according to the rules governing this court in such cases, it cannot be disturbed.

The judgment is affirmed.

Judgment affirmed.