GAMMAGE & HUNTER v. DANIEL RATHER, ADMINISTRATOR.

1. ATTORNEYS' FEES—EXPENSES OF ADMINISTRATION.—Reasonable attorneys' fees for necessary service actually rendered in an estate, form part of the expenses of administration.

2. SAME.—If the attorney looks to the estate for payment of his fees, his claim must be authenticated by affidavit, and presented for approval as other debts of the estate.

3. SAME.—If payment of such fees be exacted of the administrator, then such expense will form an item in his account, and will be allowed as such, on a proper showing, in his settlement.

4. SAME.—The administrator, in paying such fees, may authorize the appropriation to that use of money to be collected for the estate by the attorney to whom such fees are due.

5. SAME—LIMITATION.—An administrator sought, by motion against a law firm, to recover money collected by them, belonging to the estate. The defendants set up their services for the estate, rendered over two years before, and that they were authorized to appropriate the funds collected to the satisfaction of their claims: *Held*, Error to sustain exceptions to the plea, on the ground of the statute of limitation.

ERROR from Anderson. Tried below before the Hon. M. D. Ector.

The facts are fully given in the opinion.

*Reagan, Greenwood & Gooch,* for appellants.

*Word & Williams,* for appellee.

MOORE, ASSOCIATE JUSTICE.—This was a summary proceeding, or motion by the appellee Rather, as administrator of the estate of Isaac Kirksey, deceased, to compel appellants to pay money belonging to said estate, alleged to have been collected by them as his attorneys.

In answer to the motion, appellants admit the collection of the amount shown in an account appended as an exhibit to their answer, but aver that it had been appropriated, with the knowledge and consent of appellee, and in accordance with the understanding and agreement between themselves and appellee, to the payment of the several amounts stated in said exhibit, due them for professional services rendered to appellee as administrator of said estate; that the services rendered by them were valuable to the estate, and were proper and necessary for its due administration; that said services were rendered at the special instance and request of appellee; and the amounts charged for the same were reasonable, &c. To so much of this answer as sets up an indebtedness in favor of appellants, appellee excepted; and among other grounds of special exception, alleges that it appears by appellants' account that no item thereof had accrued within two years next before the filing of his motion.

This exception was sustained by the court, and, a jury having been waived, judgment was rendered against appellants for the amount admitted in their answer to have been collected, although it is more than appellee charges in his motion, and considerably more than was attempted to be established by evidence on the trial.

We are unable to perceive any valid ground on which the judgment of the court sustaining this exception can be maintained. The statute unquestionably puts it beyond all question that reasonable attorneys' fees for necessary service actually rendered are a part of the expenses of administration, which are entitled to priority of payment over all charges against estates, except funeral expenses. (Paschal's Dig., arts. 5675, 5676.) The party rendering such service, if he sees fit, or agrees with the administrator to do so, may look to the estate, or directly to the administrator, for payment of his claims. If he claims that the estate is indebted to him for the value of his services, and seeks to hold it liable, he should authenticate and present his claim for allowance and approval, as other debts of the estate; and when this is done, it will be classed and paid, according to its order of priority. But parties cannot be compelled to render service and look to the estate for compensation, unless they are willing to do so. It is evident that frequently the administrators will have to incur expenses in the management and preservation of estates, for which they will be forced to pay in cash, or make themselves directly responsible; and when they do this, the charge for the service will become an item in the administrator's account, and will be allowed him on his settlement, on its being made to appear that it is a reasonable charge for necessary service actually rendered. All the items of appellants' account are alleged in their answer to be for expenses of administration, which might have been paid for by the administrator when rendered; and if so, he certainly could have paid them by authorizing the appropriation of the money collected by appellants for him to this pur-

pose. This, if the averments in the answer are true, he did. They are not by this answer now seeking to establish a debt against the estate, (unless for a small balance which, it appears from what has been previously said, they cannot do,) but to account for and show a proper appropriation of the money which they admit they had collected for appellee.

For the error of the court in sustaining appellee's exception to appellants' answer, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

Chief Justice ROBERTS did not sit in this case.