## CONTRACTS—ESTATES—ADMINISTRATORS.

### [Mahoning Circuit Court.]

### ARMSTRONG V. SIDDALL.

1. **CONTRACT UPON WHICH ADMINISTRATOR IS PERSONALLY LIABLE.**

   Where an administrator entered into a contract with an attorney to prosecute a claim against a railway company for his decedent's death for a certain percentage of the amount recovered, in which contract nothing was said as to the nature of the liability, whether personal or as representative of the estate, and the administrator subsequently compromised with the railway company, he is personally liable to the attorney for the stipulated compensation.

2. **EXPRESS CONTRACT REQUIRED TO RELIEVE FROM PERSONAL LIABILITY.**

   An administrator is liable personally for a contract made by him in relation to the estate committed to his charge, at least to the extent of the assets which he receives from the estate. To be relieved of such personal liability an express contract that the party shall look to the estate only is necessary. The fact that nothing was said about the administrators paying anything personally is not sufficient to relieve him or charge the estate.

3. **CONTRACT NOT WITHIN STATUTE OF FRAUDS.**

   A promise made by an administrator to pay an attorney as fees a certain percentage of the amount recovered on a claim against a railroad company for the death of his decedent, the latter dying intestate and without wife or children, is the creation of an original debt and is not a promise to pay decedent's debt. Such a contract is not, therefore, within the statute of frauds or required to be in writing.

4. **CHARGE MUST BE CONFINED TO FACTS.**

   A court in his charge to the jury must confine his instructions upon the law to the case before him and his charge must be based upon the evidence in the case.

### HEARD ON ERROR.

LAUBIE, J.

This is a proceeding in error brought for the purpose of reversing a judgment obtained in the court below, wherein Siddall was the plaintiff and Armstrong was defendant, in favor of Siddall against Armstrong.

It was an action brought to recover fees under a contract alleged to have been made between the parties. It seems from his statements and

the facts in the record, that Armstrong had a son killed on the railroad, who died intestate, without leaving any wife or children; and there was a claim proposed to be made against the railroad company for the death. He consulted with Mr. Siddall in regard to the matter, and the result was that the father was appointed administrator, and proceedings were commenced against the railroad company. Armstrong himself made advances to the company and Siddall did also for the purpose of settling the matter and adjusting it without suit. Siddall claims that it was the understanding that he was employed to present the claim and collect it, either amicably or by suit, and he was to have twenty per cent. of the amount collected.

Armstrong claims that the contract was substantially this, that he would settle if he could, and if he couldn't he would bring suit; and if suit was brought, then Siddall was to have twenty per cent. of the amount collected; otherwise not. It was denied that he agreed to pay anything in case the matter was compromised; substantially, it was claimed that Siddall was not to be his attorney unless suit was brought; and if suit was brought, that then Siddall was to have twenty per cent. of the amount collected.

This suit was against Armstrong individually and personally and not as administrator. It is claimed that he was not personally liable, and that the estate was not liable; so that under the idea of the defendant, he was to go "scot free," provided it would not result in a suit. He settled it for a thousand dollars himself, and afterwards proposed to pay Mr. Siddall for writing a letter or two, but refused to pay him the amount claimed.

The claim is made that the estate is not liable, and that Armstrong is personally liable. There are a number of propositions set forth here. One is in regard to the charge of the court, or rather the refusal to give charges requested. There was no exception to the charge itself. There are a number of requests which it is not worth while to notice, as they proceed upon the proposition that the suit was against the estate instead of against Armstrong individually. If it had been against the estate, brought against Armstrong as administrator, some of these propositions, perhaps, would be good law; that is, he could not make such a contract to bind the estate, and no judgment against him as administrator would be recoverable. But this is not brought agaist him in that capacity, and such charges have nothing whatever to do with the case.

The fourth and fifth requests are the only ones necessary to notice.

The fourth is as follows: "If the jury find plaintiff was to receive his fee from the sum recovered from the railroad company and was to look to that fund alone for compensation, and that the parties so understood it, then the defendant would not be personally liable to him unless the contract or agreement was in writing, and plaintiff cannot recover in this suit unless it was in writing."

As we understand it, that was based upon the proposition that in order to charge Armstrong personally, the contract should have been in writing, as premised within the purview of the statute of frauds. It was the creation of an original debt. He would not be liable on the debt of the decedent unless the promise was in writing. But that has nothing whatever to do with the creation of the debt itself. There was no error in refusing this.

"Fifth. If the jury find that the plaintiff was to receive twenty per cent. of the amount recovered from the railroad company and was to

receive his pay no other way, and that Armstrong was not to be personally liable to him, then plaintiff cannot recover in this suit, but must apply to the probate court aforesaid for relief.''

This brings up the question as to the personal liability of the representative making the contract and creating a debt in his representative capacity.   It is generally understood that an administrator or executor, that is, as a general rule, cannot create a debt so as to bind the estate and assets.   Whatever he does in this regard is a personal liabality, himself looking to the assets for reimbursements in the probate court, if there are assets to reimburse him; and it is all his risk.   This is laid down for us in the books, and it is so well decided authoritatively that there ought to be no dispute.

This request to the charge embraces something further than what I have adverted to, and that is, that the contract was that Siddall was to receive his pay out of the amount collected and not in any other way, and that Armstrong was not to be personally liable to him.   Now, of course, a charge of the court given to the jury must be based upon the evidence, and it would be error for the court to charge the jury or submit a case that there was no evidence to prove; the court must confine his remarks upon the law and his instructions in that regard to the case before him.

Undoubtedly, if there is an express contract between the parties, or a contract that Siddall should look to Armstrong, as administrator only, for pay, he could not recover against him personally; but it must be an express contract to that effect; a mere contract in his representative capacity would not relieve him.   There must be an express contract.

There is no evidence here tending to prove that Mr. Siddall expressly agreed to look to Armstrong as administrator only for his pay; there is nothing to sustain it in the proof; there is nothing except that he was to receive twenty per cent. of the amount collected, and the statement of Armstrong as a witness that nothing was said about the matter of his paying personally.   There must be an express agreement he was not to be held personally, but that plaintiff must look to him as administrator only.

Again, although there was agreement that the party should look to the fund and there was a mutual agreement and it was understood that he should look to the fund for payment, and not to the representative personally, still that does not bind the estate, and it does bind the administrator personally to the extent of the assets he receives under the agreement or the fund which the agreement refers to.   So, if, in this case, he received a thousand dollars, he received assets out of which this twenty per cent. was to be paid or ought to be paid; therefore, to that extent he was, under the rules, liable personally.

These various propositions are laid down in the books:

Schouler on Executors and Administrators, Sec. 256 and notes, after treating of the verbal promise in the previous note to pay decedent's debt, which was a promise to pay decedent's debt, but not a debt which he was creating himself, proceeds in Sec. 276 to discuss the question of the representative's own creation of a debt and binding himself and not the estate, and the author proceeds to observe that an administrator or executor has no power to create a debt against the deceased; he may have intended to do so, but the effect is to bind himself individually; that debts are contracted as personal obligations and cannot primarily bind the estate committed to him; he

says that if he contracts it is upon his personal responsibility to keep good a presumed sufficiency of assets; notwithstanding the effect is to benefit the estate, every contract made upon a new and independent consideration between an administrator or executor and other parties, is a personal contract of the contracting representative, the latter binding himself and not the estate of which he is representative. He says this doctrine applies to the debt of an administrator: 7 Jones (N. C. ) 426; 2 Roberts, 385; 27 Texas, 366; 4 E. D. Smith (N. Y.) 519; 3 Porter, 251; 5 Freeman, 218; 48 Texas.

He lays down, therefore, that these contracts, wherein the administrator creates a debt himself, are personal obligations and not binding upon the estate; and even when it is mutually agreed and understood that the party shall look to the assets for reimbursements, and not to the representative, still the latter is personally responsible to the extent of the assets received.

This principle has received confirmation in cases in this state. First, referring to Becker v. Walworth, 45 Ohio St. 169 [12 N. E. Rep. 1], the principle is laid down to which reference has been made in regard to the contract necessary to have been made in order to exonerate the representative from the ordinary responsibility; see page 172. Here it is laid down that in order to relieve the party from liability personally there must be an express contract entered into to that effect, that is an express contract that the party is to look to the estate only.

This was a case where the administrator took possession of a leased estate, an estate leased to the decedent, and it was held that the lessor had a choice of remedies; he might either look to the decedent's estate first, under the contract with decedent, or he might look to the personal responsibility of the administrator, but that personal responsibility was limited to the extent of the assets or profits received out of the estate; the amount received from the subject matter under consideration, and that even an action previously commenced by the lessor against the party in his representative capacity and dismissed, was not an election which precluded him from resorting to the personal liability and suing him as an individual; and the general doctrine is laid down that the representative cannot bind the estate by his contracts, and cannot create debts against the estate; he is liable himself except when by express contract he is relieved. So that those two propositions seem to be embraced in this case. First, that it is necessary, in order to relieve the personal responsibility of the administrator that there should be an express contract to that effect. Secondly, that he is responsible at least to the extent of the assets which he received from the estate in question.

In Arnold v. Donaldson, 46 Ohio St. 73 [18 N. E. Rep. 540], there are some remarks made on the matter, looking to the question I have discussed. This was a case where the executor sold the land of the decedent to defendants in error, and he promised to indemnify them against certain dower interests, and that after the dower interests should be enforced or assigned out of the premises he would repay them out of the fund received from it. Yet the court held that it was a personal responsibility upon his part; on page 79 are some further remarks. This is stronger than the case at bar, where the understanding was for twenty per cent. of the amount collected. In the case in question he promised to indemnify and save them harmless. See also Curtis v Bank, 39 Ohio St. 579.

Armstrong v. Siddall.

These authorities settle the law for us, as I have announced it, in reference to this case. Here the same general character of contract made by an administrator or executor, that were made in the case where promises 'were made to indemnify the parties from receipts from dower, where it held that the contract did not bind the estate, but did bind the executor personally. He could relieve himself by showing express contract. In this, this case fails. We find that the court committed no error in refusing these instructions. Case is affirmed without penalty.