WILL P. JONES, ADMINISTRATOR, v. ALMA GILLIAM ET AL.

No. 3174.   Decided June 4, 1919.

1.—Administrator—Sales—Commission for Agent.

An administrator has no authority, save as authorized by the probate court, to bind the estate by employing real estate agents to sell its lands on commission. (Pp. 554, 555.)

2.—Same—Accounts of the Administrator.

The probate court must determine the necessity and propriety of employment of real estate agents on commission to sell lands of the estate. It can not be pronounced necessary as matter of law. And since approval of the administrator's annual exhibit does not prevent re-examination of his charges, it may, on final settlement, approve or disallow payments made and reported by him of commissions to such agents employed without previous authority from it. (Pp. 554, 555.)

3.—Case Distinguished.

Armstrong v. O'Brien, 83 Texas, 635; and similar cases as to the powers of independent executors, distinguished. (P. 555.)

Error to the Court of Civil Appeals from the Seventh District, in an appeal from Childress County.

On the application of Jones for final discharge as administrator of the estate of P. S. and Alma Roberts, the County Court, and the District Court, on appeal, disallowed certain credits. This was affirmed by the Court of Civil Appeals on his appeal (199 S. W., 694), and he obtained writ of error.

*Fires & Diggs,* for plaintiff in error.

The administrator of an estate has the right to place the lands of said estate, directed to be sold, with a broker for procuring a purchaser for such lands, and when such broker procures a purchaser ready, willing, and able to buy upon the terms offered, such broker is entitled to his compensation for procuring such purchaser, and the same is a proper charge against the estate being administered, and should be allowed as a reasonable and necessary expense incured by the administrator in the management of said estate. Vernon's Sayles' Statutes, art. 3623; Gibson v. Gray, 17 Texas Civ. App., 646-657; Armstrong v. O'Brien, 83 Texas, 63; O'Brien v. Armstrong, 79 Texas, 602; Dyer v. Winston, 33 Texas Civ. App., 412; McCowen v. Terrell, 9 Texas Civ. App., 74; Caldwell v. Young, 21 Texas, 800; Callahan v. Grenet, 66 Texas, 236; Stonebreaker v. Friar, 70 Texas, 202, 204; Porter v. Cole, 11 Texas, 157.

*M. J. Hathaway,* for defendants in error.

An administrator is not authorized to pay out five per cent commission to land brokers for the sale of land and then retain an additional five per cent for himself for receiving the money and then five per cent on the amount paid the brokers. Such payments are not "reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management of the estate," as authorized by art. 3623, R. S.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The question presented by the case is as to the authority of an ordinary administrator to bind the estate, without any order of the probate court, to pay commissions to brokers for the sale of the estate's property.

Here, in the administration of the estate of P. S. and Alma Roberts, of which Will P. Jones was the statutory administrator, the court ordered the sale of certain lands. Jones, as administrator, made a contract with Ramsey & Gillespie, real estate brokers, whereby he agreed to pay them a commission of five per cent of the selling price upon their procuring a purchaser on the terms authorized. In connection with the Vernon Realty Company, Ramsey & Gillespie closed a contract for the sale with Ike M. Smith for the price of $19,000, upon which the five per cent commission would have been $950. The sale was reported to the court and confirmed. On account of Smith's death,

however, the sale was not made. Later, another real estate broker, Owensby, advised Jones that he could effect a sale with W. T. Coble, and would do so if he were paid a commission. Jones, in reply, told him of his previous contract with the other brokers, and, in effect, agreed that he should have a commission on the sale if he could adjust the commission with them. Such an adjustment was reached, whereby Owensby was to receive $100, Ramsey & Gillespie $375 and Vernon Realty Company $375, a total of $850. The sale to Coble for $19,000 was made. It was confirmed by the court. The commissions in the amounts stated were paid by Jones to the respective brokers. The expenditure was reported by him in his annual exhibit which was approved by the court.

The present contest arises upon the administrator's final account. On its presentation, the heirs of the estate challenged the charges constituted by the commissions, and the right of the administrator to receive for himself five per cent on these amounts. Their contest was sustained as to the $750 paid Ramsey & Gillespie and Vernon Realty Company and as to the administrator's commission on that disbursement. On the administrator's appeal to the District Court, a like judgment was rendered, which was affirmed by the Court of Civil Appeals.

In the order of the court for the sale of the lands, no authority was given the administrator to employ brokers for the purpose. Nor was the payment of such commission authorized in the court's action on the report of either sale. The employment of the brokers and the payment of their commission were solely the acts of the administrator upon his own responsibility.

Since the approval of the administrator's annual exhibit did not prevent on the final settlement re-examination of the charges (Richardson v. Kennedy, 74 Texas, 507, 12 S. W., 219; McShan v. Lewis, 23 Texas Civ. App., 253, 76 S. W., 616), the establishment of the commissions against the estate depends upon whether, under the circumstances, they are to be regarded as necessary and reasonable expenses of administration.

In necessary cases, we do not doubt the power of the probate court under the statute to sanction an administrator's employment of a broker for the purpose of effecting a sale advantageous to the estate, and therein to allow a reasonable broker's commission as a legitimate expense of administration. While such authority should be sparingly and providently exercised, it can not be said that under no conditions would the court possess it. In some instances its exercise might be necessary and prove of distinct benefit to the estate. But in all cases the probate court must be the judge as to the necessity for the estate's employment of a broker for the purpose, as well as of the amount of his compensation. These are not matters which the administrator may determine for himself. The court administers the estate, not the ad-

ministrator.   The administrator is but an agency of the court through which its powers are exercised.

Here, as already said, there was no authorization by the court for the employment of the brokers.   There was accordingly no determination beforehand by the court that the employment was necessary.   The administrator, acting independently, contracted for the employment.   His action was not conclusive upon the estate.   The question as to the necessity for the employment still remained within the province of the court to determine on the final settlement.   In reaching the same judgment as the probate court, the District Court, on the appeal, found as a fact that the expenditure was unnecessary and that it did not appear but that the administrator could have effected the sale himself.   The administrator was allowed, for himself, the statutory commission on the amount realized from the sale.   In the state of the record there is no warrant for a revision here of the court's judgment in the matter. It can not be said as a matter of law that the employment was necessary.

Cases, such as Armstrong v. O'Brien, 83 Texas, 635, 19 S. W., 268, holding that an independent executor may employ agents to sell the lands of the estate and the estate thereby become liable for reasonable commission earned under such employment, do not control the question here.   An independent executor has the same authority in that regard that the probate court possesses in ordinary administrations.   Here, the probate court has, in effect, declined to exercise the authority because of the want of any necessity for its exertion.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*