## MORTON'S ESTATE v. FERGUSON.
### No. 921.

Court of Civil Appeals of Texas. Eastland.
Jan. 8, 1932.

W. L. Scott, of Fort Worth, for appellant.

Oxford & Oxford, of Plainview, for appellee.

FUNDERBURK, J.

On March 7, 1928, Annie Kate Ferguson brought suit in the district court of Haskell county against Joe Lee Ferguson individually and as temporary administrator of the estate of Kate F. Morton, deceased, and against A. M. Ferguson, James E. Ferguson, Alva Ferguson, and the Haskell Telephone Company, seeking to establish a claim of title to certain shares of the capital stock of the Haskell Telephone Company. At the time, A. M. Ferguson was also a temporary administrator of the estate, with the said Joe Lee Ferguson, by virtue of an appointment subsequent to that of the latter. On September 20, 1929, said Joe Lee Ferguson, describing himself as "temporary administrator of the estate of Kate F. Morton," filed an application in the probate court of Haskell county, advising the court of the existence and nature of said suit, and, in part, reciting as follows: "That his co-administrator, A. M. Ferguson, has been by this court allowed an enormous fee for the employment of counsel, has employed same, and is charging his joint administrator with collusion and fraud in the handling of said lawsuit, and that it becomes necessary for this applicant to employ counsel to represent himself properly in said cause as administrator."

The prayer was: "Wherefore he prays the court to make an order allowing a fee of $500.00 out of the above estate for part of the fees he is to pay said counsel in said cause."

The record shows no contest of the application in the probate court and no notice or citation to interested parties. That court overruled the application. The order recites that: " * * * It appearing to the court that an attorney's fee has heretofore been allowed to Davidson & Yeager, attorneys of Dallas, Texas, to defend the said suit, it is the opinion of the court that said application should be and the same is in all respects denied."

The applicant excepted and gave notice of appeal. He filed no appeal bond nor affidavit in lieu thereof.

In the district court, the matter was tried upon an amendment of the application, but it sought, as we construe it, the same character of order. In the district court, the application was contested by A. M. Ferguson as temporary administrator of said estate. The district court granted the application; the order in part decreeing that, "A. M. Fergu-

son, now acting as temporary administrator of the estate of Kate F. Morton deceased, as such administrator do pay to Joe Lee Ferguson, who was at the time of the filing of this application, temporary administrator of said estate, the sum of $500.00 as attorney's fees for the use and benefit of Oxford & Oxford, attorneys of Plainview, Texas, and that the costs of this proceeding be taxed against the estate of Kate F. Morton, deceased." A. M. Ferguson as temporary administrator excepted and gave notice of appeal to this court.

■ Appellant contends that the district court was without jurisdiction to hear and determine the case, same being one appealed from the probate court, because Joe Lee Ferguson, the applicant attempting to appeal from the order of the probate court, was personally concerned in the appeal, and hence not exempted by the provisions of R. S. 1925, art. 3700, from filing an appeal bond. We are of opinion that the record does not so conclusively show that the appeal personally concerned said applicant as that for such reason it was necessary for him to give bond in order to confer jurisdiction upon the district court to hear the appeal. While the application for its specific purpose sought authority of the temporary administrator to pay the sum of $500 out of the funds of the estate as attorney's fees, the jurisdiction of the court was thereby necessarily invoked to predetermine the necessity for the employment of the attorneys to represent the estate and the reasonableness of the fee to be paid. Regardless of whether the temporary administrator had the right to have such questions adjudicated in the manner attempted, a subject hereinafter discussed, it seems to us clear enough that the court's jurisdiction was attempted to be invoked as to a matter concerning the estate as distinguished from a matter of personal concern to the temporary administrator. If, as contended by appellant, it was the real purpose of the applicant to have the estate pay the fee of attorneys for representing him personally, such was a matter to be developed by the evidence in resistance of the application and as a ground for denying same. The probate court did not deny the application on such ground, but because the court was of opinion that sufficient attorneys had already been employed to defend the suit. In other words, that court determined that there was no necessity for the additional services for the estate, and the appeal from that decision, we think, cannot be said to be one which, as a matter of law, concerned personally the temporary administrator within the purview of the statute.

Appellant's contention to the effect that the court had no authority to order the payment of $500 to applicant as attorney's fees, when the undisputed evidence showed, as it did, that the administrator had not paid the fee or any part of same to the attorneys, presents a question of considerable difficulty. R. S. 1925, art. 3691, provides that "executors and administrators shall also be allowed all reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management of the estate, and all reasonable attorney's fees, that may be necessarily incurred by them in the course of the administration."

■ Attorney's fees, reasonable in amount, and necessarily incurred for services to the estate, are expenses of administration within the operation of said statute. Williams v. Robinson, 56 Tex. 347; Pendleton v. Hare (Tex. Com. App.) 231 S. W. 334. It follows that the rules governing the allowance and payment of expenses of administration are applicable. An attorney who has performed necessary services for an estate which is being administered is entitled to have allowed and paid his reasonable fees. Two entirely distinct procedures are open to the attorney. Gammage v. Rather, 46 Tex. 105. He may make his claim as any other creditor direct upon the estate. In doing so, he will be governed by the provisions of R. S. 1925, title 54, chaps. 18 and 19 (articles 3502-3544). On the other hand, he may elect to hold the representative of the estate to a personal liability. McGloin's Ex'rs v. Vanderlip, 27 Tex. 366; 24 C. J., p. 66. In such case, the representative's right to reimbursement is governed by R. S. 1925, arts. 3691 and 3692, in connection with articles 3531, 3533, 3320, and 3634. Article 3691 has already been quoted. Article 3692 provides that "All expense charges shall be made in writing, showing specifically each item of expense and the date thereof and shall be verified by the affidavit of the executor or administrator, and filed with the clerk and entered upon the claim docket, and shall be acted upon by the court in like manner as other claims against the estate." Article 3531 provides for the classification of all claims, including, as one of the classes "expenses of administration." Article 3533 provides for the order of payment of all claims, naming as third in priority "expenses of administration." Article 3320 provides for the making of annual accounts and article 3634 for a final account.

■■ The liability of an estate for attorney's fees, whether directly to the attorney upon a proper claim therefor or to the representative of the estate upon his account for expenses of administration, is limited to such services as are necessary, and to such amount of fees as is reasonable. The necessity for the services and the reasonableness of the amount of fees are questions for the determination of the court, and not the representative of the estate. Jones v. Gilliam, 109 Tex. 552, 212 S. W. 930; Rowe v. Dyess (Tex. Com. App.) 213 S. W. 234. From this

It results that, if the representative makes a contract with an attorney to pay a certain fee for particular services, he may be held to a greater liability than can be chargeable to the estate. Jones v. Lewis, 11 Tex. 359; Portis v. Cole, 11 Tex. 157. Such a consequence may be avoided, of course, by stipulations in the contract. McGloin's Ex'rs v. Vanderlip, supra.

The question we find it necessary to determine is whether or not the probate court, whose undoubted function it is to determine the necessity of legal services for an estate being administered, as well as the reasonableness of the fees to be paid, has the authority to pass upon and determine these questions in advance of the performance of the services and/or the payment of the fees by the representative of the estate? Authorities dealing directly with this question are meager and unsatisfactory. In Thompson v. Dodge (Tex. Civ. App.) 210 S. W. 586, it seems to have been held that the probate court has no such authority. However, the court held the orders under attack void upon so many different grounds that it is difficult to appraise the opinion upon this particular point. In Jones v. Gilliam, supra, the power of the court to predetermine said questions seems to have been assumed. In Jones v. Gilliam, however, the Supreme Court reiterates the holding in Richardson v. Kennedy, 74 Tex. 510, 12 S. W. 219, and McShan v. Lewis, 33 Tex. Civ. App. 253, 76 S. W. 616, that, "The approval of the annual exhibits by the probate judge did not prevent a re-examination of the administrator's account as to items of expenses of administration."

Under these holdings, if the representative of an estate pays a fee to an attorney for services performed for the estate in pursuance of an agreement, although he reports such action to the court in his annual account, and the court, by approval of such account, thereby ratifies such action, the judgment of the court does not bind any one having an interest in the estate except, perhaps, such representative. When, years later, it may be, the representative files his account for final settlement any interested person may, in opposition to the approval of the account, invoke the jurisdiction of the court to determine (1) that the services were unnecessary, and/or (2) that the fee was not reasonable. If the court cannot adjudicate the questions of necessity for legal services and the reasonableness of the fees to be paid in passing upon an annual account of the representative of the estate, we fail to see how the court can adjudicate such questions in response to an application like the one in suit. The reason of the rule is that the action of the court is ex parte. The action of the court in approving an annual account is no more ex parte in nature than would be the granting of the order sought by the application in question. If the order sought can bind no one except the applicant, then it must be said, we think, that the application for such order is in legal effect the same as a petition which states no cause of action, and therefore entitles the petitioner, as a matter of law, to no relief. We are therefore led to conclude that the law having made ample provision for charging estates with liability for attorney's fees, and having prescribed two distinct methods of procedure, and the application and orders thereon in question being in accordance with neither, the application upon its face, as a matter of law, does not entitle the applicant to the orders prayed for. This is a fundamental matter, and, although we consider that the assignments present the question, it is one that we would be required to take notice of, even in the absence of assignment.

To avoid possible misapprehension as to the effect of our holding, we suggest that our judgment is not deemed conclusive of, or prejudicial to, the right of the attorneys, if not barred by lapse of time, to prosecute a claim for attorney's fees, nor of the temporary administrator, if and when he shall have paid the fee, to an allowance of such reasonable fee as may be adjudged in passing upon his final account to have been necessary and reasonable.

Having reached the conclusion, for the reasons discussed, that the judgment of the trial court should be reversed and the application dismissed, it is accordingly so ordered.