Virginia MULLINS, Independent Executrix
of the Last Will and Estate of Maude T.
OEHLER, Deceased, Appellant,

v.

C. V. BERRYMAN et al., Appellees.

No. 13103.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1956.

Rehearing Denied Dec. 19, 1956.

Robert I. Wilson, Kerrville, for appellant.

Darrell G. Lochte, Kerrville, for appellees.

W. O. MURRAY, Chief Justice.

This is a suit for a temporary injunction and on final hearing a permanent injunction, restraining C. V. Berryman as trustee from selling a certain lot located in Kerrville, Texas, in satisfaction for a debt of the estate of Maude T. Oehler, deceased. The beneficiary under the deed of trust was Doris Johnson. Virginia Mullins is the independent executrix of the estate of Maude T. Oehler, deceased.

The trial court first granted a temporary restraining order, but after a hearing dissolved the order and refused the injunction. Virginia Mullins as independent executrix has prosecuted this appeal. The trial court continued the temporary restraining order in effect pending the appeal.

Appellant contends that the court erred in dissolving the temporary injunc-

tion because appellees' answer was not verified. It occurs to us that the first order issued was a temporary restraining order rather than a temporary injunction, but the parties seem to treat it as a temporary injunction, so we will do likewise. We overrule the contention that the temporary injunction should not have been dissolved because appellees' answer was not verified. There was a full hearing, and after hearing the evidence it was not error for the court to dissolve the temporary injunction even though appellees' answer was not verified. Rule 690, Texas Rules of Civil Procedure, does not apply where a hearing was had. Smith v. Palo Pinto County, 60 Tex. Civ.App. 531, 128 S.W. 1193. Furthermore, appellant did not except, object or otherwise complain of the failure of appellees to verify their answer and therefore such matter was waived. Hightower v. Price, Tex.Civ.App., 244 S.W. 652; Wood v. Farm & Home Savings & Loan Ass'n of Missouri, Tex.Civ.App., 86 S.W.2d 871.

Appellant's application for temporary injunction was first based upon the contention that the land involved was homestead property and the deed of trust lien, therefore, void. This contention has now been abandoned and need not be considered. The second contention is that the estate is insolvent and if the trustee is permitted to take the lot by trustee's sale, first and second class claims could not be paid. The evidence does not show that the estate is insolvent. The indebtedness secured by the deed of trust is a preferred claim, so far as the property securing its payment is concerned, if the appellees wished to so treat it. Art. 3515a, Vernon's Ann.Civ. Stats. This being an independent administration appellees were not required to file a claim against the estate, Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305; Higginbotham v. Alexander Trust Estate, Tex.Civ. App., 129 S.W.2d 352, but the trustee was entitled to sell the property under the power of sale after the death of the grantor. Fischer v. Britton, supra.

The court did not err in dissolving the temporary injunction as the claim of appellees was a preferred claim insofar as the lot described in the deed of trust was concerned. Wyatt v. Morse, 129 Tex. 199, 102 S.W.2d 396.

The judgment is affirmed.