James **HUNTER**, Administrator of the Estate of W. Q. Hunter, Deceased, Appellant,

v.

Mrs. Willie King **COOK**, Independent Executrix of the Estate of Mary E. Hunter, Deceased, et al., Appellees.

No. 14289.

Court of Civil Appeals of Texas.

Houston.

Feb. 6, 1964.

Rehearing Denied Feb. 27, 1964.

575

Herman W. Mead, Houston, for appellant.

Robert W. Hainsworth, Houston, in pro. per. and for appellee Willie King Cook.

P. Harvey, Houston, for appellee R. L. Stone.

BELL, Chief Justice.

Appellant, in his representative capacity, sued appellee, Mrs. Willie King Cook, in her representative capacity, to recover certain rentals that he alleged she had collected from rent property in which they, as representatives of deceased persons, each had a one-half undivided interest. The rentals which had not been accounted for were collected by Mrs. Cook after her qualification as independent executrix. The attorney for the executrix was joined in the suit because of an agreement he made with appellant to see to it that rentals collected by the executrix would be accounted for by her. The executrix answered and admitted the collection of the rentals, but claimed certain deductions should be made and when made there would be nothing owed. She filed a cross-action against appellant, asserting that before she started collecting the rents appellant in his representative capacity had collected some rents for which he had not accounted to the executrix. She also interpled R. L. Stone, the life tenant under her testatrix's will. The suit was for $377.24. The cross-action does not really seek recovery of anything against appellant, but merely seeks certain allowances to offset the amount claimed.

Appellant filed a plea in abatement as to the cross-action and of the life tenant's claim for rents collected asserting that since he was an administrator the claims therein asserted must be presented to him for allowance and determination by the Probate Court.

The trial court on trial dismissed the cause because, as stated in the corrected judgment of May 10, 1963, " * * * the Estate of W. Q. Hunter is open and no final account being filed."

Appellant's theory, as briefed, is that he can sue an independent executrix without presenting any claim. The executrix's theory is that Section 146 of the Probate Code, as amended, V.A.T.S., requires presentation of a claim to an independent executrix. She also contends that the trial court had no jurisdiction as to the claims asserted by her against the administrator and therefore the whole cause was within the jurisdiction of the Probate Court.

Prior to the amendment of Section 146 of the Probate Code in 1957, the law was well settled that no claim need be filed with an independent executrix but suit could be filed against her upon her refusal to pay. This, of course, is assuming the estate had not under some provision of law come under the Probate Court's jurisdiction. In the light of the amendment of 1957, the Honorable Kenneth Woodward, of the University of Texas School of Law, in an article entitled "Some Developments in the Law of Independent Administrations", has expressed the opinion that there is the distinct possibility that now such claims must be presented and if they are denied, suit must be brought within the 90 day period prescribed by Section 313, Probate Code. Texas Law Review, Vol. 37, p. 837.

We need not decide whether the law has been so changed, because the claim asserted by appellant against the independent executrix is not a claim that is required

to be presented even to an administrator. The claims required to be presented to an administrator are those arising before the appointment and qualification of such representative. The statutes do not relate to claims arising out of contracts of the representative after qualification. Section 317(d), Probate Code. Here the suit is for rents collected by the independent executrix that she agreed to pay over to appellant. The trial court had jurisdiction over this cause of action asserted by appellant and was in error in dismissing the cause.

Appellees contend the trial court dismissed the cause because of the amounts asserted by the independent executrix against the appellant administrator and the court was of the view all the claims should be asserted in one forum. There is nothing in the record to show the exact theory the court had in mind. The judgment merely recites the cause is dismissed because of the pendency of the estate of appellant's intestate in the Probate Court. However, if, as here, a court has jurisdiction of a plaintiff's suit, it does not lose jurisdiction merely because a defendant has a claim he cannot assert by cross-claim because it is beyond the jurisdiction of the court where the suit is pending. Nor may plaintiff's suit be abated until the defendant pursues his remedy in a court having jurisdiction of his cross-claim. Nelms v. C. B. Delhomme, Inc., et al., 340 S.W.2d 123 (C.C.A.), no writ hist.

If appellant cannot sue as he has here, he has no remedy because the Executrix is not subject to the jurisdiction of the Probate Court.

We are of the view, however, that the Executrix may without resort to the Probate Court, or filing a claim with appellant, set up against appellant by way of offset the claims she has here asserted. The effect of her pleading, as well as the third party defendant Stone, is to say no rentals are owed by them because of the items offsetting the rentals collected by her. There is no claim for any excess. Traders' National Bank v. Cresson, 75 Tex. 298, 12 S.W. 819. The cited case is precisely in point except the offsetting claims existed at deceased's death. In this case the offsetting claims each grow out of acts of representatives of deceaseds' estates, allegedly giving rise to an obligation to account.

Appellees suggest the appellant was required to obtain authority from the Probate Court to sue and there is no showing he did. Any such matter is waived unless asserted by a plea in abatement. Rule 93, Texas Rules of Civil Procedure.

Appellant suggests that no complaint has been made on appeal of the action of the trial court in sustaining his plea in abatement to the cross-action and pleading bringing in the life tenant. We find nothing in the record showing any such action by the trial court. The whole cause was dismissed.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.