Clay KITCHENS, Independent Executor of the Estate of Inez Kitchens, Deceased, et al., Appellants,

v.

Peggy Viola KITCHENS et al., Appellees.

No. 14348.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 27, 1965.

Rehearing Denied Feb. 24, 1965.

O'Neal Dendy, San Angelo, M. C. Blackburn, Junction, for appellants.

Lee & Lee, Mason, Stovall & Gibbs, San Angelo, for appellees.

BARROW, Justice.

This is the second appeal of this case which originally involved three separate appeals or segments of a suit brought by Peggy Viola Kitchens and Lynette Wallace against Clay Kitchens, individually and as independent executor of the estate of Inez Kitchens, deceased, and Patricia Anne Bunyard, seeking, among other reliefs, partition of an 1126-acre ranch in Menard County, alleged to be the community property of John P. Kitchens and his wife, Inez Kitchens. John P. Kitchens died intestate in 1952, leaving as survivors his widow, Inez Kitchens, and three children, Clay, Ray, and Lynette Kitchens Wallace. Ray died testate in 1959 and left his widow, Peggy Viola Kitchens, as independent executrix and sole heir of any interest he might have in the Menard County ranch land. Inez Kitchens died on October 31, 1960, testate, with Clay Kitchens as her independent executor. Patricia Anne Bunyard is the daughter of Ray and Peggy Viola Kitchens. Reference is made to the prior opinion for a full statement of the facts, 372 S.W.2d 249, writ dismissed for want of jurisdiction.

On the prior appeal the Tenth Court of Civil Appeals affirmed the judgment of the trial court, insofar as it related to construction of the will of Inez Kitchens as being an invalid restraint on alienation, and to the finding of an existence of a partnership between Inez Kitchens and her three children. The issue of whether the Menard County Ranch land was community or separate property was severed, and this phase of the case was reversed and remanded for determination of an ultimate issue of fact as to whether John P. Kitchens intended to make a gift to his wife, Inez, so as to constitute the ranch land her separate property in law.

Upon retrial, the jury found that although John P. Kitchens consented for his son Ray to place the name of Inez Kitchens as grantee in the deed of August 14, 1933, John P. did not intend to give his wife his interest in the Menard County ranch as her separate property.[1] The trial court rendered judgment on this verdict in accordance with the prior opinion, and ordered that the land be partitioned and one-half given to appellants, Clay Kitchens and Patricia Anne Bunyard (they having stipulated that their shares be given to them in one tract), one-third to appellee Lynette Wallace, and one-sixth to appellee Peggy Viola Kitchens.

Appellants have asserted four points of error, two of which relate to holdings in the prior opinion of the Court of Civil Appeals, and two to the admissibility of documentary evidence at the second trial.

Appellants urge that the trial court erred in refusing to submit their duly requested issue on the defense of legal estoppel which was pleaded by them. On both trials it was stipulated that in 1925 John P. Kitchens and his wife, Inez, caused the title to the Menard County land to be placed in their son Ray for their benefit,

---

1. "SPECIAL ISSUE NO. 1:
"From a preponderance of the evidence, do you find that John P. Kitchens knew that his son, Ray Kitchens, was placing the name of Inez Kitchens as grantee in the deed of August 14, 1933, to the 1126 acres in Menard County?
"We, the Jury, answer: He did know.
"SPECIAL ISSUE NO. 2:
"From a preponderance of the evidence, do you find that John P. Kitchens consented to his son, Ray Kitchens, placing the name of Inez Kitchens as Grantee in the deed of August 14, 1933, to 1126 acres in Menard County?
"We, the Jury, answer: He did consent.
"SPECIAL ISSUE NO. 3:
"From a preponderance of the evidence, do you find that on August 14, 1933, John P. Kitchens intended to give his interest, if any, in the 1126 acres of land in Menard County, to Inez Kitchens as her separate property?
"We, the Jury, answer: No."

and for the purpose of placing such land beyond the reach of the creditors of John P. Kitchens. At the first trial the jury found, as on the second trial, that John P. Kitchens knew of and consented to the insertion of the name of his wife, Inez, as grantee in the 1933 deed. The jury also found in the first trial, in response to an issue substantially similar to that requested on the second trial, that John P. caused Inez to be named as grantee to prevent collection of the judgment against himself.

The first appeal disposed of the issue of legal estoppel by the holding at page 255 of 272 S.W.2d, supra: "The effect of the stipulation is that the son held the record title for the benefit of the community. The fact that he so held it to prevent its subjection to satisfaction of a judgment against his father, or that he conveyed it to his mother for the same purpose, did not affect its validity as between the spouses and those claiming under them." (Citing authorities.) The Court further held that neither the stipulation nor the jury finding was a basis for judgment that the ranch was the separate property of Inez. The case was remanded for determination of an ultimate issue as to whether John P. Kitchens intended to make a gift of the ranch lands to his wife, Inez.

■ It is our opinion that this holding in the first appeal, which became final, although open to review by the Supreme Court, is the law of this case. In State By and Through State Bd. of Morticians v. Cortez, Tex.Civ.App., 323 S.W.2d 56, affd. Tex.Sup., 333 S.W.2d 839, Justice Pope, in speaking for the majority of this Court, set forth with approval the general rule: "'The majority of the jurisdictions which have passed on the question hold that where a decision is rendered by an intermediate court, and appeal or other remedy is open to the losing party to have that decision reviewed in the court of last resort, if he fails to avail himself thereof, but allows the case to be remanded for further pro-

ceedings, and thereafter appeals again to the intermediate court and thence to the court of last resort, the points decided by the intermediate court on the first appeal will be regarded as the law of the case in the court of last resort, and will not there be re-examined.' 3 Am.Jur., Appeal and Error, § 988." See also: 5 Am.Jur.2d Appeal and Error, § 747; 87 A.L.R.2d 271; State v. Stone, Tex.Civ.App., 290 S.W.2d 761, wr. ref., n. r. e.

■ Texas authorities recognize the right of the Supreme Court, in its discretion, to reconsider upon a second appeal what it or an intermediate court had previously decided on a prior appeal of the same case. Connecticut General Life Ins. Co. v. Bryson, Tex., 219 S.W.2d 799; Kempner v. Huddleston, 90 Tex. 182, 185, 37 S.W. 1066. We see no reason for this Court to exercise this discretion where this issue was fully developed on the first trial, largely through stipulated evidence, and appellants' right of appeal was lost through their own failure to timely perfect their application for writ of error.

■ Appellants' points complaining of the court's refusal to submit the issue of legal estoppel and placing the burden of proof upon them, were decided adversely to them in the prior opinion of the Tenth Court of Civil Appeals and will not be reconsidered by us.

Appellants also assert that the trial court erred in admitting numerous legal documents concerning the ranch land which were signed by John P. Kitchens subsequent to the deed of 1933 to his wife, and that the trial court erred in admitting into evidence an oil and gas lease signed in 1957 by all the "possible heirs" of John P. Kitchens. It is our opinion that reversible error is not shown by the admission of any of these documents.

These documents consist of a deed of trust to secure a loan of $5,600.00 from the Federal Land Bank of Houston on Decem-

ber 27, 1933, as well as a release of this lien on October 20, 1944, and an oil and gas lease executed on May 18, 1943. The deed of trust was executed by "Inez Kitchens and husband, John P. Kitchens" and was admitted without objection. The release was styled: "Federal Land Bank to Inez Kitchens" although in the body it stated that it was releasing the deed of trust executed by "Inez Kitchens and husband, John P. Kitchens." These documents were offered in connection with appellees' proof that the land was paid for out of the community estate. The oil and gas lease was made by "Inez Kitchens joined by her husband, John P. Kitchens." Appellants objected to these two documents as being irrelevant, immaterial and prejudicial in that John P. Kitchens was required to sign them whether the land was the separate property of his wife or community, but by their admission in evidence the jury would consider that John P. Kitchens had an interest in the land.

We believe that any error in the admission of these documents was harmless. No ownership of the property by John P. Kitchens is asserted in any of these documents, in that each infers ownership in Inez Kitchens, with John P. joining her in the execution of each instrument. Furthermore, the admission of the deed of trust, without objection, rendered harmless any subsequent error in admission of the same testimony. Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103; Medina Electric Cooperative, Inc. v. Ball, Tex.Civ.App., 368 S.W.2d 227, no wr. hist.

The oil and gas lease of 1957 makes no reference to John P. Kitchens and does not in any way identify the lessors as signing in the capacity of heirs of John P. Kitchens, deceased. It is noted, however, that the husband of Lynette Wallace and the wife of Clay Kitchens also signed the instrument, which lends credence to the proposition that John P. Kitchens was required by law to join his wife in the execution of the other instruments. We do not see any materiality in this instrument, but cannot say that prejudicial error is shown by its admission which would require a reversal of this case. Rule 434, Texas Rules of Civil Procedure.

The judgment is affirmed.