**Mrs. Willie King COOK, Independent Executrix of the Estate of Mary E. Hunter, Deceased, Appellant,**

**v.**

**James HUNTER, Administrator of the Estate of W. Q. Hunter, Deceased, Appellee.**

**No. 4358.**

Court of Civil Appeals of Texas.

Waco.

March 11, 1965.

Rehearing Denied April 1, 1965.

Robert W. Hainsworth, Houston, for appellant.

Herman W. Mead, Houston, for appellee.

WILSON, Justice.

Appellant as independent executor of the deceased wife's estate sought a money judgment against the administrator of the deceased husband's estate, alleging prior presentation to and rejection of the executor's claim by the administrator. The "claim" is alleged to be for one-half of the amount of a dormant bank savings account discovered and paid to the administrator by the bank during administration. (The parties have conducted previous similar litigation in the same court. See Hunter v. Cook, Tex.Civ.App., 375 S.W. 2d 574, writ dism.).

The trial court dismissed the suit for want of jurisdiction on appellee's motion asserting the administration of "W. Q. Hunter, the husband of Mary Hunter is

still pending in the probate court" and the claim pertains to community property.

Appellant admits these facts, but contends that since his claim was properly authenticated and presented, rejection of the claim authorized the present suit under Sec. 313, Texas Probate Code, V.A.T.S.

■ If appellant's factual position is correct, the "claim" consists of the wife's asserted interest in community property under administration in the husband's estate. It is not such a "claim for money against an intestate" as is contemplated by Sec. 298(a), Ch. 8, Probate Code. Simkins, Administration of Estates, first ed., 204. Appellee is not, by virtue of the claimed title to the personalty being administered, a creditor; the interest of the wife's estate is not a debt against the husband's estate. It is not a "claim for money" under the statute any more than would be the asserted community interest in realty, Sec. 317(d) Probate Code. See Hunter v. Cook, Tex.Civ.App., 375 S.W.2d 574, writ dism.

■ Upon the granting of letters of administration on the estate of the husband, the wife's control over the community property ceased and the estate passed under the jurisdiction of the probate court for settlement. Moke v. Brackett, 28 Tex. 443, 445; Hollingsworth v. Davis, 62 Tex. 438, 440. If the husband died first, the wife's subsequent death did not have the effect of withdrawing it from administration. Lawson v. Kelly, 82 Tex. 457, 17 S.W. 717, 718. See Lovejoy v. Cockrell, Tex.Com.App., 63 S.W.2d 1009, 1010, 1011.

■ The community interest of the wife's estate in personalty being administered in the husband's estate could not be fixed by a "claim" under ch. 8, Probate Code or by a suit on a "rejected claim" under Sec. 313.

Affirmed.