Clay KITCHENS, Independent Executor of the Estate of Mrs. Inez Kitchens, Deceased, Appellant,

v.

Francis G. CULHANE, Appellee.

No. 14410.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 24, 1965.

Rehearing Denied Dec. 29, 1965.

Moursund & Ferguson, Johnson City, for appellant.

Davee & Davee, Brady, for appellee.

BARROW, Justice.

This is a suit for attorney's fees and expenses. Appellant, as independent executor of the estate of Mrs. Inez Kitchens, appeals from a judgment based upon a jury verdict whereby appellee recovered from the estate the sum of $1,992.58 as the reasonable value of his necessary legal services and expenses. Appellant individually recovered $200.00 from appellee on a cross-action growing out of another transaction, however, no appeal has been perfected from that part of the judgment.

■ It is settled that attorney's fees, reasonable in amount and necessarily incurred for services to the estate are expenses of administration. Sec. 243, V.A. T.S., Probate Code; Salmon v. Salmon, Vol. 9, Tex.Sup.Ct. Journal 34. The attorney furnishing same may make his claim as any other creditor direct upon the estate, or he may elect to hold the representative of the estate to a personal liability. Morton's Estate v. Ferguson, Tex.Civ.App., 45 S.W. 2d 419, wr. ref. This suit was brought by appellee against appellant individually and as independent executor; however, appellee testified he agreed to look only to the estate for payment, and judgment was entered only against the estate.

The primary question presented is whether it was necessary for appellee to present a verified claim to appellant as independent executor in accordance with the provisions of Sec. 294 et seq., of the Probate Code as a predicate to bring suit on the claim. Appellee testified that although he presented a very detailed time and expense record to appellant, same was probably not verified.

Appellant concedes that prior to the revision of the Probate Code in 1955 it was generally held it was not necessary to present a claim to an independent executor. See Hunter v. Cook, 375 S.W.2d 574, wr. dism.; Mullins v. Berryman, Tex.Civ.App., 296 S.W.2d 805, wr. ref. n. r. e.; Ditto Investment Co. v. Ditto, Tex.Civ.App., 293 S.W.2d 267, no wr. hist. Appellant urges these holdings have been changed by the Probate Code, in that Sec. 314 requires a claim be legally presented to the "representative" and rejected before a judgment may be rendered upon same. The possibility of such a change has been expressed by two writers. See Woodward, Some Developments in Independent Administration, 37 Tex.Law Rev. 828, 837; Winn, Non-Judicial Administration, 17 S.L.J. 384, 393. Contra, State v. Traylor, 374 S.W.2d 203, 204 (Tex.1963); Gibraltar Mortgage & Loan Corp. v. Lerman, Tex.Civ.App., 346 S.W.2d 487, no wr. hist.

■ It is not necessary for us to determine whether the law has been changed. It is seen that the claim asserted by appellee accrued against the estate after the appointment of appellant as independent executor and was contracted for by appellant. Therefore, the provisions of the Probate Code relative to the presentment of claims do not apply to this claim. Sec. 317(d), Probate Code, Vernon's Ann.Civ.Stats.; Hunter v. Cook, supra.

Appellant cites Gammage & Hunter v. Rather, 46 Tex. 105 (1876), wherein the Supreme Court held that a party seeking to recover attorney's fees was required to authenticate and present his claim for allowance and approval. This claim accrued prior to the enactment, effective August 9, 1876, of the law which has been carried forward as Sec. 317(d), supra. Morton's

Estate v. Ferguson, supra, is also relied upon by appellant. The question before that court did not involve the necessity of presenting the claim to the administrator and therefore there was no determination of the proposition before us.

On June 12, 1962, appellee presented his itemized claim to appellant. No response was made to same and suit was properly filed on August 31, 1962. It was not necessary that appellee present a verified claim to appellant prior to filing this suit.

Appellant urges that there is no evidence or insufficient evidence to support the verdict. Appellee was employed by appellant as lead counsel on May 18, 1961, to represent the estate, along with the Hon. M. C. Blackburn. A controversy had already arisen between the heirs and it was correctly foreseen by appellant and the attorneys that there would be extensive litigation involving this estate. See Kitchens v. Kitchens, Tex.Civ.App., 372 S.W.2d 249, and 387 S.W.2d 89. Appellant as executor agreed to pay appellee $20.00 an hour plus his expenses for representing the estate. There was a dispute in the testimony as to whether appellee estimated a minimum of 100 hours or if that number of hours was to be the maximum. Mr. Blackburn was to be paid an agreed fee of $1500.00 for assisting appellee. In November, 1961, appellant paid appellee $750.00 and Mr. Blackburn $500.00 on their fees.

Appellee testified that in November, 1961, he presented appellant with a statement which showed charges to date in excess of $3,000.00. Appellant expressed a desire to wait until after the first of the year to pay all of same. Nothing further was paid, although there was some discussion about the fee in February, 1962. On June 10, 1962, appellee presented appellant with a detailed time and expense record, setting forth services consisting of 320.5 hours at $20.00 an hour, a total of $6,410.00 plus expenses. After crediting appellant with the $750.00 payment, appellee asserted claim for $6,358.75. Appellant contested any charges in excess of a total of $2,000.00 and asserted this was to be the maximum fee. Following this discussion, appellee on June 12 filed his motion to withdraw from the case because of appellant's refusal to pay in accordance with their purported fee arrangement, and this motion was granted on September 12, 1962.

This detailed account consisting of 36 pages was introduced in evidence and appellee was examined very closely on each item, both by way of direct and cross examination as to the reasonableness and necessity of each charge. This account itemized all the time appellee devoted to the case. The fee of $20.00 per hour was in accordance with the minimum fee schedule of the Tom Green County Bar Association of which appellee was a member. The minimum fee schedules of the State Bar of Texas and the Hill County Bar Association were also introduced in evidence. The jury, after hearing the conflicting evidence at length, found that appellee furnished necessary attorney's services and incurred necessary expenses to the independent executor in excess of the $750.00 theretofore paid him, and that the reasonable value of such services was $1,992.58. There is evidence to support these findings and same are not so contrary to the preponderance of the evidence as to be manifestly unjust.

Appellant also urges that appellee is not entitled to recover this fee because he abandoned his representation of the estate without just cause. Appellee testified that his reason for withdrawing was appellant's refusal to pay his fee in accordance with their agreement. This was a hotly disputed issue under the record. No issue was submitted or requested as to whether appellee was justified in withdrawing from this representation because of appellant's conduct and neither party objected to the failure to submit this disputed issue. They thereby impliedly agreed for the trial court to resolve this issue and no express finding being set forth in the record, we will pre-

sume that same was found favorable to appellee. Rule 279, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

We withdraw our opinion of October 27, 1965, and substitute the opinion of this date. Appellant's first motion for rehearing is overruled. Appellant is granted leave to file a second motion for rehearing within fifteen days from this date.