**Mary Alice WHITEHEAD, Appellant,**

v.

**D. M. TEAGUE, Administrator of the Estate of S. L. Perkins, Deceased, Appellee.**

**No. 625.**

Court of Civil Appeals of Texas, Tyler.

July 13, 1972.

Rehearing Denied Aug. 3, 1972.

Donald W. Keck, Keck & Barnes, E. F. Kucera, Dallas, for appellant.

Eric Eades, Jr., Eades & Eades, Dallas, for appellee.

DUNAGAN, Chief Justice.

Mary Alice Whitehead, the appellant, brought this suit against D. M. Teague, Administrator of the Estate of S. L. Perkins, when her claim for $3,000.00 against the estate of S. L. Perkins was rejected by the Administrator, D. M. Teague.

On April 14, 1970, S. L. Perkins purchased by a warranty deed the property located at 3923 Lancaster, Dallas, Texas, which is the property that is the basis of this lawsuit. The purchase price was $20,000.00 and he (Perkins) paid the sum of $3,000.00 as the down payment. The undisputed testimony shows that the entire $3,000.00 cash payment made by Perkins was furnished by the appellant Mary Alice Whitehead. Appellant's claim is based on the fact that she furnished the entire $3,000.00 down payment for the purchase of the realty but the deed was taken in the name of S. L. Perkins. The claim was denied by the administrator, appellee herein, and appellant filed this suit in the District Court under Sec. 313 of the Probate Code of the State of Texas, V.A.T.S.

The trial was before the court who rendered a take nothing judgment against the

appellant. She timely perfected her appeal.

We are confronted at the outset with appellee's contention that this appeal should be dismissed, because the District Court which rendered the judgment appealed from was without jurisdiction since the purported claim that was rejected was not a claim for money within the provisions of the Probate Code and could not be fixed, established, or classified as a claim in Probate and therefore could not be the subject of a suit on a rejected claim under Sec. 313 of the Probate Code of Texas. We sustain this contention.

S. L. Perkins died intestate and D. M. Teague, appellee, was appointed administrator of his estate and was the qualified and acting administrator of said estate at all times material herein.

On March 19, 1971, the appellant presented a claim against said estate to appellee administrator. The basis of appellant's claim was to assert a resulting trust interest in the real property at 3923 Lancaster, Dallas, Texas, by virtue of her furnishing $3,000.00 down payment of the $20,000.00 purchase price of said property, said claim recited that the $3,000.00 was furnished as the down payment for the purchase of the property and " * * * it was agreed that the property should be taken in the name of S. L. Perkins. Therefore, there is a resulting trust impressed on the property hereinbefore described * * *."

On the same day of the presentation of this claim to the administrator, appellant filed in the Deed Records of Dallas County, Texas, an "Affidavit of Resulting Trust on Real Property," such affidavit reciting that appellant had furnished $3,000.-00 of the purchase money for the purchase of the land locally known as 3923 Lancaster, Dallas, Texas, and declaring that appellant claimed a trust in her favor on said land.

The purported claim was denied and disallowed by appellee on March 22, 1971.

The only provision for making claim against the estate of a decedent is that contained in Sec. 298(a) of the Probate Code of Texas, as follows:

"All claims *for money* against a testator or intestate shall be presented to the executor or administrator * * *." (Emphasis ours.)

It is clear that the claim of appellant which was presented to the administrator, the appellee, and rejected and made the basis of this suit under Sec. 313 of the Probate Code, was not a claim for money, but was a claim to an interest in the real property described by virtue of a resulting trust. Throughout the trial appellant asserted she had a resulting trust interest in the real estate here involved. This was clearly and specifically asserted by appellant by her own testimony, exhibits, pleadings, and brief. In her first two points of error appellant asserts that she had a trust "against the property the subject of the suit" and an "interest in the property as a result of the $3,000 down payment" made by her. Appellant in her brief states "(s)ince there is absolutely no evidence, direct or circumstantial that there was a relationship of creditor and debtor between Perkins and Whitehead, the presumption of a resulting trust continues. In fact, the trial court found there was no loan."

A claim for money cannot exist absent the existence of a debt or the relationship of debtor and creditor.

Where the facts show a resulting trust, the beneficiary has an equitable title superior to the legal title held by the trust, and not just a claim or equitable right. Cadmus v. Evans, 320 S.W.2d 176 (Tex.Civ. App., Dallas, 1958, writ ref., n. r. e.).

Where the trust exists, the beneficiary has the vested interest in specific profit. 57 Tex.Jur.2d, p. 378, sec. 1.

It is thus very clear that appellant is really claiming an equitable title to the real property she says is the "subject of the suit."

Such a claim is not a "claim for money against an intestate" under Sec. 298(a) of the Probate Code of Texas and could not be fixed by a suit on a "rejected claim" under Sec. 313 of the Texas Probate Code. Therefore, the trial court had no jurisdiction of this suit. Cook v. Hunter, 389 S. W.2d 94 (Tex.Civ.App., Waco, 1965, n. w. h.).

Since the trial court had no jurisdiction, this court has none. The judgment of the trial court is reversed and the case is dismissed. Leslie v. Griffin, 25 S.W.2d 820 (Tex.Com.App., 1930) and Fraley v. County of Hutchinson, 278 S.W.2d 462 (Tex. Civ.App., Amarillo, 1954, n. w. h.).